### A96A0860. PERRY v. THE STATE.
(474 SE2d 199)

SMITH, Judge.

Christopher Kenneth Perry appeals from the judgment of conviction and sentence entered on a jury verdict finding him guilty of child molestation.[1]

In his sole enumeration of error, he contends the trial court erred in denying his motion for a directed verdict of acquittal because insufficient evidence was presented of his identity as the perpetrator of the molestation.

The indictment charged Perry with the offense of child molestation by "placing his mouth on the anus of [the victim], a female child under the age of fourteen years, with the intent to satisfy the sexual desires of the accused." The evidence at trial showed that the seven-year-old victim and her older sister accompanied their father and stepmother on a weekend camping trip. Also along on the trip was Perry, a friend of the victim's father since high school.

Evidence was presented that on Saturday, both Perry and the girls' father had been drinking beer all day. In the evening, the girls went to bed in one of the two tents while the adults were sitting around a campfire. Several hours later, the girls' stepmother and their father went to sleep in the other tent. Perry joined the two girls in their tent.

The adults were unaware of any untoward events at that time. The victim's mother testified that some time later, however, both the victim and her older sister were upset and told her that Perry had

---

[1] Perry was previously convicted of this same offense. In *Perry v. State*, 216 Ga. App. 661 (455 SE2d 607) (1995), we reversed his conviction based upon the trial court's sua sponte restriction of his right to question jurors regarding their membership in any social groups or organizations. Perry was then retried and convicted, and this appeal ensued.

molested the younger girl on the night they slept in the same tent. The mother reported the molestation to the Bartow County Sheriff's Department. Investigator Teresa Evans of the Bartow County Sheriff's Department and Glenda Holt, casework supervisor in the protective services unit of the Bartow County Department of Family & Children Services (DFACS), conducted individual interviews with the victim, her sister, and her father and mother. The interview with the victim was tape-recorded, and the tape was played for the jury.

Perry maintains that because no witness identified him in court as the person referred to in testimony as "Chris," the State failed to prove his identity. We do not agree. In-court identification is not the only way to prove that the defendant is the person who committed the crime charged. Perry's identity was shown in other ways.

First, concordance of name alone is some evidence of identity. OCGA § 24-4-40 (a). Second, the State introduced evidence that Perry previously pled guilty to child molestation and cruelty to children. In fact, Perry *admitted* he pled guilty to that charge.

Finally, the victim identified the person who molested her as "Chris" both on the tape and at trial. The mother testified that the victim told her Chris had "put his tongue in her bottom" and it hurt. The victim's sister testified that the victim told her that Chris had molested her the morning after the incident, while still on the camping trip. No other "Chris" was on the camping trip with the girls. Moreover, Perry testified at trial, and he did not deny that he was the same "Chris"; he admitted in his testimony that he was the "Chris" on the camping trip with the girls on the weekend the victim alleged she was molested and that he slept between the two girls on Saturday night.

"The proper test when the sufficiency of the evidence is challenged by the procedure of a motion for directed verdict of acquittal is the reasonable doubt test of *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) [(1979)]. [Cits.]" *Leaver v. State*, 211 Ga. App. 876 (1) (440 SE2d 760) (1994). Although some of the evidence identifying Perry was circumstantial, it was nevertheless strong evidence that was consistent with the hypothesis that Perry was the person identified and excluded all other reasonable hypotheses regarding identity. See OCGA § 24-4-6. Viewing it in a light most favorable to the verdict, as we must, this evidence was more than sufficient to prove Perry's identity beyond a reasonable doubt as the perpetrator of the crime charged.

*Judgment affirmed. Pope, P. J., and Andrews, J., concur.*

DECIDED JUNE 25, 1996 —
RECONSIDERATION DENIED AUGUST 8, 1996.

*Gore, Lee & Curry, Roger L. Curry*, for appellant.
*T. Joseph Campbell, District Attorney, Sharon M. Fox, Assistant District Attorney*, for appellee.