A98A1764. JONES v. THE STATE.
(507 SE2d 804)

JOHNSON, Presiding Judge.

A jury found Nehemiah Jones guilty of aggravated child molestation. He appeals from the conviction entered upon the verdict and the denial of his motion for new trial.

1. In two separate enumerations of error, Jones challenges the sufficiency of the evidence, arguing that the verdict was contrary to the law and against the weight of the evidence. Particularly, he claims the evidence was insufficient to establish that he was the person who molested the child.

"On appeal the evidence must be viewed in the light most favorable to support the verdict, and appellant no longer enjoys a presumption of innocence; moreover, an appellate court determines evidence sufficiency and does not weigh the evidence or determine witness credibility. [Cit.]" *Swift v. State*, 229 Ga. App. 772, 773 (1) (495 SE2d 109) (1997).

Viewed in that light, the evidence shows that the eight-year-old victim and several relatives were spending the night at the home of the child's aunt. Three men were present that night: Jones, his brother, and the aunt's brother. After the child went to sleep, a man who smelled of alcohol and cigarettes came into the bedroom. The victim testified that the man said he was going to lick her in her vaginal area, did so and then sat on the bed.

The child's ten-year-old cousin was sleeping in the same bed as the victim and woke up while the man was sitting on the bed. The cousin asked the man what was going on, to which the man replied he was reading the victim a story. The cousin knew all three men and was sure that Jones was the man who came in and claimed to have been reading a story to the victim. The man then left the room and later returned and asked the victim if she knew where his baseball cap was. The victim replied that she did not, and the man left again. The next morning, the victim's aunt found Jones' baseball cap under the bed in which the victim had been sleeping.

To support his argument that the identification evidence was insufficient, Jones points to testimony that he was asleep on the liv-

ing room floor all night, the room was dark at the time the crime occurred, and the victim was unable to describe the perpetrator's clothing. However, in addition to the evidence discussed above, there was evidence that Jones did not sleep in the living room, that light came into the bedroom from a bathroom and from streetlights outside, and that Jones, like the perpetrator, had an odor of alcohol and smoke about him that night. Moreover, the victim responded affirmatively at trial when asked whether Jones was the man who came into the bedroom.

"Conflicts in the testimony of the witnesses . . . are a matter of credibility for the jury to resolve. As long as there is some competent evidence, even though contradicted, to support each fact necessary to make out the State's case, the jury's verdict will be upheld." (Citation and punctuation omitted.) *Reviere v. State*, 231 Ga. App. 329, 333 (6) (498 SE2d 332) (1998). The transcript reveals ample evidence from which any rational trier of fact could have found Jones guilty beyond a reasonable doubt of aggravated child molestation. See *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979); *Swift*, supra; *Perry v. State*, 222 Ga. App. 445, 446 (474 SE2d 199) (1996).

2. Jones argues that he was unable to form the requisite criminal intent to commit the charged offense because he was intoxicated when the offense occurred. "Voluntary intoxication is a defense only when such intoxication has caused more than a temporary alteration of brain function which negates intent. [Cit.]" *Wellons v. State*, 266 Ga. 77, 88 (16) (463 SE2d 868) (1995). At trial, Jones specifically denied being intoxicated, said he had been drinking only "a little bit," and added "[b]ecause you drink, that don't mean you be out of your mind." There being no evidence that Jones' consumption of alcohol resulted in more than temporarily altered brain function which negated intent, this argument is without merit. *Bright v. State*, 265 Ga. 265, 273 (2) (e) (455 SE2d 37) (1995).

*Judgment affirmed. Smith, J., and Senior Appellate Judge Harold R. Banke concur.*

DECIDED SEPTEMBER 29, 1998.

*Carolyn E. Moller*, for appellant.
*J. Gray Conger, District Attorney, Roger H. Anderson, Assistant District Attorney*, for appellee.