## A01A1063. PIERCE v. THE STATE.
### (554 SE2d 787)

JOHNSON, Presiding Judge.

Gary Pierce was convicted of contributing to the delinquency of a minor and enticing a child for indecent purposes. He appeals, challenging the sufficiency of the evidence, evidentiary rulings by the court and the jury charge. The challenges are without merit, and we therefore affirm Pierce's convictions.

A 13-year-old girl in Warner Robins, Georgia, was using an Internet chat room for teenagers when she received a private message from someone named Gary who said he lived in Tennessee. Gary told the girl that he was a 17-year-old high school football player, and she informed him that she was 13. After that initial conversation, the girl and Gary regularly chatted online in another chat room.

Some of their online conversations were sexually explicit, including discussions of sexual intercourse, oral sex and anal sex. The two

---

[12] See id.
[13] Id. at 310 (1).
[14] Id. See also *Turner v. State*, 199 Ga. App. 836, 838 (4) (406 SE2d 512) (1991).
[15] See *Lowe*, supra.

engaged in "cyber sex," during which Gary asked the girl to do various things. Gary also asked the girl to send him explicit pictures of herself, once asking for a picture from a photocopy machine of her sitting with her legs open on the machine. Gary gave the girl his log-on name and password for an Internet pornography site called the Sex Museum. The two of them would log on to the site and watch a pornographic movie while talking about the movie in a chat room.

After many Internet conversations, Gary and the girl made plans for him to attend a party at her house around the time of her fourteenth birthday. Gary came to Warner Robins and checked into a hotel. The girl called him at the hotel and told him that the party had started. He then drove to a school near the girl's house, parked his car and walked to her house. When the girl's mother saw him standing outside the house, she went to speak with him because she did not recognize him and he appeared to be older than the children at the party. He told her that he was 17 and shrugged his shoulders when she said that he was too old to be at the party. The mother ultimately asked him to leave the party, so he left.

Thereafter, Gary and the girl continued communicating on the Internet and later made plans for him to visit her again in Warner Robins. Gary told the girl that he wanted her to spend the night and have sex with him in the hotel. He checked into the same hotel where he had stayed before, and the girl told her mother that she was going to spend the night at a friend's house. Instead, she called Gary at the hotel, he picked her up in his white rental car and he drove her to the Comfort Inn. At the hotel, the girl and Gary did not engage in sex, but spent time talking and watching a movie on television. The girl then asked him to take her home, and he drove her to her house.

In the meantime, the girl's mother had discovered that her daughter was not at her friend's house. When the girl arrived home, the mother confronted her. Eventually, the girl told her mother about the online chats and hotel meeting with Gary from Tennessee. The mother contacted the hotel, which verified that a man named Gary from Tennessee had been registered at the hotel, but had left.

The mother next called the police. A police sergeant interviewed the daughter and then contacted the Comfort Inn in Warner Robins. The sergeant confirmed that 37-year-old Gary Pierce from Knoxville, Tennessee, had stayed at the hotel on both occasions described by the girl. The hotel had a copy of Pierce's most recent registration form, which indicated that he was driving a white car and which included a copy of his driver's license with a picture. And from the girl's computer, the sergeant retrieved conversations between the girl and Pierce which were sexual in nature and which planned their hotel meeting.

The police found and arrested Pierce in Tennessee. He was

charged with contributing to the delinquency of a minor for having sexually explicit conversations and viewing pornographic images with the girl, and he was also charged with enticing a child for indecent purposes by taking the girl to the Comfort Inn for the purpose of molesting her. Pierce was tried before a jury, which found him guilty of both charges. The trial court entered judgments of conviction, from which Pierce appeals.

1. In four separate enumerations of error, Pierce challenges the sufficiency of the evidence, primarily claiming that there is insufficient evidence because no witness identified him in court as the person who committed the crimes. We note that Pierce does not claim that he is not, in fact, the perpetrator. And he did not make such a claim at trial, where his defense, as asserted by his attorney in her arguments to the jury, was that his acts of communicating on the Internet and meeting in the hotel with the girl were inappropriate, but not criminal. As the attorney argued during her closing argument: "Should my client have come to Warner Robins? He probably thinks now no. Should he have been talking to somebody whose handle is pretty hot and tempting 13, whatever that means? He would probably tell you now no. But he's charged with something entirely different."

Regardless of his defense at trial, Pierce is correct in noting that no witness directly identified him in court as the perpetrator. But in-court identification was not the only way for the state to prove that he is the person who committed the crimes charged.[1] Concordance of name is some evidence of identity.[2] Here, Pierce had the same name as the person who committed the crimes charged. And like the perpetrator, he too is from Tennessee. Moreover, the police sergeant testified that he recovered conversations between the girl and Pierce from the girl's computer. The police also identified him as the Gary Pierce who stayed at the Comfort Inn in Warner Robins on the dates specified by the girl. And Pierce's Comfort Inn registration with his driver's license, a state's exhibit which was admitted into evidence without objection, contains his photograph. The jurors were authorized to compare that photograph to Pierce in court to determine if he is the man pictured.

We review the evidence in the light most favorable to the verdict to determine if a rational trier of fact could have found the defendant guilty beyond a reasonable doubt.[3] Having reviewed all the evidence in that light, we are satisfied that the jury had sufficient evidence

---

[1] *Perry v. State*, 222 Ga. App. 445, 446 (474 SE2d 199) (1996).

[2] OCGA § 24-4-40 (a).

[3] *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979); *Jones v. State*, 234 Ga. App. 571, 572 (1) (507 SE2d 804) (1998).

from which to find beyond a reasonable doubt that Pierce was the perpetrator,[4] and that he committed the offenses of contributing to the delinquency of a minor[5] and enticing a child for indecent purposes.[6] Pierce's four enumerations challenging the sufficiency of the evidence are thus without merit.

2. Pierce contends that the court erred in allowing the police sergeant to testify about sexually explicit Internet conversations between the girl and Pierce. The sergeant had retrieved the conversations from the girl's computer and printed out a 500-page transcript of them. Pierce argues that the state did not adequately establish that he was the person conversing via the Internet with the girl, so the sergeant's testimony based on those transcribed conversations was improper.

This argument was not made in the trial court and thus was not preserved for appellate review. Prior to trial, Pierce challenged the admission of the 500-page transcript of the conversations, but not on the basis that he was not the person named Gary who was chatting with the girl. On the contrary, Pierce's attorney plainly conceded to the court that the conversations were between the girl and Pierce. She told the court, "Only a small portion of that [the transcribed conversations] involves any real chatting back and forth between Mr. Pierce and the alleged victim."

And in telling the court that she had not seen the entire transcript of conversations, Pierce's attorney again indicated that the conversations were in fact between the girl and Pierce. She stated, "[T]he only thing that I knew about earlier was about four or five pages where arrangements were being made for him to come to Warner Robins and make contact with her. And I believe at that time, he was residing outside the state of Georgia when that particular chat took place."

Instead of challenging the conversations on the basis that Pierce was not a participant in them, Pierce argued to the trial court that the police sergeant who had retrieved them from the girl's computer did not have sufficient computer expertise to guarantee that the conversations between the girl and Pierce were fully and accurately retrieved. Pierce's lawyer explained her position: "My concern is that the little girl gets up there and says we had this, this, and this conversation. My client takes the stand and says, well, but we had this other conversation before, and they come in and say, oh, no, they

---

[4] *Perry*, supra.

[5] OCGA § 16-12-1 (b) (person contributes to the delinquency of a minor when he knowingly and wilfully encourages, causes or aids a minor in committing a delinquent act).

[6] OCGA § 16-6-5 (a) (person entices a child for indecent purposes when he takes a child under 16 to a place for the purpose of child molestation or indecent acts).

didn't because we have the 500 official pages and it's not there, and then you get into a real issue."

The trial court did not rule on this pretrial objection to the transcript by Pierce. The case proceeded to trial, and the state moved to introduce a portion of the transcribed conversations prior to the sergeant's testimony that Pierce now challenges. The court asked if Pierce objected, and his attorney simply stated that she wanted to reserve the prior objection. The sergeant then testified without any further objection.

Based on the record before us, it is apparent that Pierce never objected to the sergeant's testimony, but objected only to the transcript offered by the state. And as to that transcript of conversations recovered from the girl's computer, Pierce never argued, as he does now, that he was not the person conversing with the girl. Instead, his sole argument was that the sergeant did not have sufficient computer expertise to properly recover the conversations. Because Pierce is now attempting to raise an argument that was not made in the trial court, there is nothing for us to review.[7]

3. Pierce complains that his registration from the Comfort Inn was inadmissible hearsay. Pierce not only failed to raise this complaint at trial, but he expressly told the trial court that he did not object to the document's admission into evidence. Moreover, it is apparent from the testimony of the hotel clerk who registered Pierce that the registration document was made in the regular course of the hotel's business. The document therefore was admissible as a business record.[8]

4. Contrary to Pierce's contention, the trial court properly refused to allow Pierce to question the victim about whether she had engaged in sexually explicit conversations with other people on the Internet. The child-victim's past sexual conduct is irrelevant, and evidence of it is inadmissible, unless it supports an inference that the accused could have reasonably believed that the victim consented to his conduct which is complained of in the prosecution.[9] Even if the child in this case had sexual conversations with others, such evidence would not support an inference that Pierce therefore could have reasonably believed that she consented to his crimes of enticing her for indecent purposes and contributing to her delinquency. The trial court thus did not err in refusing to allow Pierce to question the victim about such purported conversations.[10]

---

[7] See *Kinney v. State*, 234 Ga. App. 733, 736 (4) (506 SE2d 441) (1998).

[8] See OCGA § 24-3-14.

[9] OCGA § 24-2-3; *Martin v. State*, 219 Ga. App. 277, 281 (3) (464 SE2d 872) (1995).

[10] See *Jenkins v. State*, 246 Ga. App. 38, 39 (2) (539 SE2d 542) (2000); *Marks v. State*, 192 Ga. App. 64-65 (2) (383 SE2d 626) (1989).

5. Pierce complains that the trial court should have instructed the jury on the lesser included offense of using telephone communications for obscene purposes.[11] He has not specified which of the offenses he was charged with would encompass that crime as a lesser included offense, and he has not indicated whether he believes it is a lesser offense as a matter of fact or law. We will not speculate or make arguments on Pierce's behalf; to do so would improperly change this court's role from disinterested decision-maker to appellate advocate.[12] His deficient argument fails to provide us any grounds for finding reversible error.

6. Pierce argues that the court erred in its jury charge defining the crime of contributing to the delinquency of a minor because it did not include a separate instruction explaining that an essential element of the crime is that Pierce had knowledge of the victim's age. The argument is without merit.

The court fully charged the jury on the statutory definition of the offense, including the requirement that the person *knowingly* encouraged or aided a minor in committing a delinquent act.[13] Furthermore, the court read to the jury the indictment which alleges that Pierce contributed to the delinquency of a minor in that he did *knowingly* encourage or aid a minor under the age of 17 years in committing a delinquent act. And then the court instructed the jury that the state must prove every essential element of the crimes charged beyond a reasonable doubt.

It is fundamental that we must consider the jury instructions as a whole to determine if there was error.[14] Having considered the entire jury charge, we find no reversible error in the court's full and accurate instruction on the definition of contributing to the delinquency of a minor, including the requirement that Pierce acted knowingly in encouraging or aiding the minor.[15]

*Judgment affirmed. Ruffin and Ellington, JJ., concur.*

DECIDED SEPTEMBER 20, 2001 — ■■■■■■■■■

■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■

*Peter D. Johnson*, for appellant.

---

[11] OCGA § 46-5-21.

[12] See *Lewis v. State*, 249 Ga. App. 812, 816 (5) (b) (549 SE2d 732) (2001).

[13] OCGA § 16-12-1 (b) (1).

[14] *Moore v. State*, 246 Ga. App. 163, 168 (8) (a) (539 SE2d 851) (2000).

[15] See generally *Tate v. State*, 198 Ga. App. 276, 278-279 (4) (401 SE2d 549) (1991) (in case of aggravated assault on a police officer, no error in jury charge on requirement that defendant had knowledge that victim was a police officer).

*Kelly R. Burke, District Attorney, Amy L. Smith, Assistant District Attorney*, for appellee.