## S04G1113. TOMPKINS v. THE STATE.
(607 SE2d 891)

FLETCHER, Chief Justice.

We granted certiorari in this case to consider whether the defendant waived the right to contest the sufficiency of the evidence of venue when he agreed to a bench trial in which the parties presented their evidence by proffer. The Court of Appeals held that the defendant could not challenge the sufficiency of the venue evidence on appeal.[1] Because a defendant may agree to present evidence by proffer, and still require the State to meet its burden of proof, we conclude that the defendant did not waive the right to contest the sufficiency of the evidence of venue on appeal.

Steve Tompkins was indicted on five counts for sexual offenses. Prior to trial, the trial court granted Tompkins' plea in bar related to the statute of limitations for two of the offenses. The trial court then held a bench trial on the remaining three counts. During the bench trial, the parties agreed to present their evidence by proffer. The State first summarized its case for the trial court: the evidence would show that the victim was 12 years old when she and her mother and sisters began living with Tompkins, i.e., when the victim was between 13 and 15; Tompkins molested her at their home on several occasions by touching her breasts and vagina with his hands, and on one occasion by touching her vaginal area with his penis. Defense counsel then summarized the defense's case: there was no physical evidence of molestation; the victim never made a contemporaneous reporting of the alleged acts; defense witnesses, including the victim's mother and psychiatrist, would testify that the victim is emotionally unstable, on prescription medication that may foster delusions, and motivated to lie; defense witnesses would testify to Tompkins' good character, and Tompkins would testify that he never molested the victim. Defense counsel also raised a statute of limitations defense. The trial court convicted Tompkins on two counts of child molestation and acquitted him on the third count.

The Court of Appeals reversed those convictions, holding that the trial court erred in determining the applicable statute of limitations

---

[1] *Tompkins v. State*, 265 Ga. App. 760 (595 SE2d 599) (2004).

for some of the counts and remanded for a new trial. The Court of Appeals also held that Tompkins had waived the right to contest the sufficiency of the evidence of venue. We granted certiorari on the venue issue only.

1. In all criminal cases, the State is required by our constitution to establish venue.[2] Venue, like all elements of the State's case, must be proven beyond a reasonable doubt.[3] A plea of not guilty requires the State to prove every element of the crime charged, including venue.[4] A defendant may stipulate to venue or other factual matters, but the record must reflect that the defendant expressly authorized such stipulation and that the stipulation was intended to obviate the need for direct proof.[5]

2. In concluding that Tompkins had stipulated to the fact of venue, the Court of Appeals relied on the fact that Tompkins agreed that the evidence in the bench trial could be presented by proffer and on the fact that Tompkins did not affirmatively challenge venue in the defense presentation. The record reveals that Tompkins entered a plea of not guilty and agreed to a bench trial by proffer of evidence, but did not agree that the State was relieved of proving its case. Furthermore, the State bears the burden of proving every element, and the fact that a defendant does not affirmatively challenge an element at trial does not relieve the State of this burden, nor does it justify the conclusion that the defendant stipulates to the existence of that element.[6] Accordingly, the Court of Appeals' contrary conclusion was in error. Because the record shows that the State failed to establish venue in its proffer, Tompkins' convictions should have been reversed for this additional reason. Upon retrial, the State will be required to establish venue, as well as the other elements of the crimes charged.[7]

*Judgment affirmed with direction. All the Justices concur.*

DECIDED JANUARY 10, 2005.

*Brian Steel, Michael R. Duponte, Stephen B. Murrin*, for appellant.

*Patrick H. Head, District Attorney, Amelia G. Pray, Lori A. Cheatham, Assistant District Attorneys*, for appellee.

---

[2] Ga. Const. (1983) Art. VI, Sec. II, Par. VI; OCGA § 17-2-2.

[3] *Jones v. State*, 272 Ga. 900, 901-902 (537 SE2d 80) (2000).

[4] Id. at 903.

[5] *Thompson v. State*, 277 Ga. 102, 104 (586 SE2d 231) (2003).

[6] *Jones*, 272 Ga. at 902.

[7] Id. at 905 (reversal for insufficiency of evidence of venue does not bar retrial).