A10A0530. WORSHAM v. THE STATE.
(697 SE2d 917)

BARNES, Presiding Judge.

Larry Keith Worsham was convicted in Atlanta Municipal Court of speeding, a conviction affirmed by the superior court upon appeal. This court granted Worsham's application for discretionary appeal, and after reviewing the entire record, we affirm the superior court's verdict of guilty.

Worsham argues the evidence was insufficient, because the Georgia State Patrol officer who testified at his municipal court trial could not identify him in court as the man he stopped for driving 76 mph in a 45 mph zone near the toll booth on southbound Georgia 400. When the State asked whether the driver was present in court, the officer responded, "I don't recall the defendant's face. It's been quite a few months ago." When asked who the vehicle was registered to, the officer replied, "I do not have that information of who's the owner of the vehicle. The driver, Mr. Larry Worsham, was identified at the time of the traffic stop with a Georgia driver's license, with a photograph on the driver's license." Worsham moved for a directed verdict on the ground that the officer failed to identify him in court, but the trial court denied the motion because the officer said he verified by the driver's license that the person he stopped for speeding was Worsham. On appeal to the superior court, Worsham again argued that the trooper failed to identify him at trial as the speeder or to tender into evidence a copy of Worsham's driver's license, and did not remember to whom the car was registered. The superior court found that the State presented sufficient circumstantial evidence that Worsham was guilty of speeding.

Identity is an essential element of the crime, which the State must prove beyond a reasonable doubt. *Pruitt v. State*, 258 Ga. 583, 589 (13) (d) (373 SE2d 192) (1988). Worsham argues on appeal that the evidence presented was entirely circumstantial, and insufficient to exclude every reasonable hypothesis save that of his guilt, as required by OCGA § 24-4-6. The trooper's testimony, he contends, was insufficient to establish Worsham's identity as the person who was speeding, absent a copy of the driver's license on which the trooper relied.

We disagree. Although the trooper could not positively identify Worsham in court, the State presented direct evidence of Worsham's guilt with the trooper's testimony that he had positively identified Worsham as the speeder when he stopped him by examining the photograph on his driver's license. See *Hatcher v. State*, 175 Ga. App. 768 (334 SE2d 709) (1985) ("The eyewitness' failure positively to identify appellant in court did not invalidate [his] earlier unequivocal identification."); see also *Marshall v. State*, 239 Ga. App. 850, 851 (522 SE2d 273) (1999). Thus, we find no error.

*Judgment affirmed. Bernes, J., and Senior Appellate Judge G. Alan Blackburn concur.*

DECIDED JULY 6, 2010 —

*George C. Creal, Jr.*, for appellant.

*Barbara M. Collins*, for appellee.