**FOURTH DIVISION**
**BARNES, P. J.,**
**RAY and MCMILLIAN, JJ.**

**NOTICE: Motions for reconsideration must be** *physically received* **in our clerk's office within ten days of the date of decision to be deemed timely filed.**
**http://www.gaappeals.us/rules**

**September 28, 2015**

# In the Court of Appeals of Georgia

A15A1221. IN THE INTEREST OF A. A., a child.

MCMILLIAN, Judge.

A. A. appeals his adjudication of delinquency by the juvenile court on the offenses of obstruction of a law enforcement officer, illegally carrying a weapon without a license, loitering/prowling, and possession of a firearm under the age of 18 years old. On appeal, A. A. argues that the State failed to present sufficient evidence of identity and venue and further failed to present evidence sufficient to adjudicate him for the delinquent acts of possessing a handgun while under 18 years old and without a license. We reverse for the reasons set forth below.

When reviewing the sufficiency of evidence supporting a juvenile court's adjudication, we apply the same standard of review used in criminal cases. We view the evidence in favor of the juvenile court's adjudication to determine whether a

rational trier of fact could have found beyond a reasonable doubt that a juvenile committed the acts charged. *In the Interest of J. D.*, 305 Ga. App. 519, 519 (699 SE2d 827) (2010).

So viewed, on November 20, 2014, the juvenile court held a hearing on a motion to suppress filed by A. A. The evidence at that hearing showed that on July 18, 2014, at around 1:00 a.m., Special Agent Josh Pitts of the Spalding County Sheriff's Office, dressed in his uniform, was conducting a foot patrol at the Northside Drive Apartment Complex when he observed two individuals, wearing gang attire, standing between two of the apartment's buildings. The apartment complex had a no loitering policy, which was communicated through signs posted on every building of the complex, and had authorized the Sheriff's Office to patrol the property to enforce that policy. As Pitts approached the two individuals, A. A. apparently noticed Pitts and fled in contravention of the officer's verbal command to stop. Pitts pursued him. During the pursuit, A. A. tumbled down a bank, and Pitts observed a firearm fall out of A. A.'s pants. Pitts and another officer were able to intercept A. A. and place him into custody. Pitts immediately returned to the location where the gun had fallen and

retrieved it.[1] After hearing this evidence, the juvenile court denied A. A.'s motion to suppress.

Immediately after that ruling, A. A.'s attorney requested that the juvenile court render its decision on the adjudication of delinquency based on the evidence presented at the motion hearing, because the State's evidence at a "full-scale" hearing on the charges would be the same and because A. A. did not wish to present any evidence on his own behalf. The State posed no objection to this procedure, and the parties then presented evidence on the issue of whether A. A. should be committed to the Department of Juvenile Justice (the "DJJ") if he were adjudicated for committing the delinquent acts with which he was charged. Following this evidence, the juvenile court adjudicated A. A. for committing all the delinquent acts charged in connection with the July 18 incident and committed him to the DJJ.

1. On appeal, A. A. asserts that the juvenile court erred in reaching this decision because the State failed to prove that he was the individual who committed the offenses charged as Pitts made no in-court identification of him during his testimony.

---

[1] Hereinafter, these events will be referred to as the "July 18 incident."

3

It is well settled that "[i]dentity is an essential element of the crime, which the State must prove beyond a reasonable doubt." *Worsham v. State*, 304 Ga. App. 806, 807 (697 SE2d 917) (2010). But "[i]n-court identification is not the only way to prove that the [juvenile] is the person who committed [the delinquent acts]." *Perry v. State*, 222 Ga. App. 445, 446 (474 SE2d 199) (1996). Identity may be proven in other ways so long as the State meets its burden of proof. Id.

Based on our review of the record, we find that it contains sufficient evidence to establish beyond a reasonable doubt A. A.'s identity as the juvenile involved in the July 18 incident. When the juvenile court called the case for hearing, the judge identified it as the case of "A . . . A . . .," using A. A.'s full first and last names, and announced for the record that A. A. was present, referring to him by his first name. During Pitts' testimony, he used the name "Mr. A . . .," using A. A.'s surname, to identify the juvenile at the apartment complex who fled when Pitts approached, causing the officer to give chase. Pitts again used the name "Mr. A . . ." when he testified that the juvenile began to cry when Pitts told him that he would be submitting the firearm dropped during that chase to the crime lab at the Georgia Bureau of Investigation. In addition, Pitts responded in the affirmative to defense counsel's question as to whether he could see "Mr. A . . ." in the light available at the

4

apartment complex on July 18. The record contains no evidence of any other juvenile with the same last name being at the scene of the July 18 incident or in the courtroom at the time of the hearing. Under these circumstances, we find A. A.'s argument to be meritless. See *Perry*, 222 Ga. App. at 446 (witnesses referred to defendant only by his first name, along with other circumstantial evidence of identity); OCGA § 24-14-40 (a) ("Concordance of name alone is some evidence of identity.").

2. A. A. next argues that the State failed to present sufficient evidence to demonstrate that the firearm that fell from his pocket met the requirements of the firearm offenses with which he was charged. We agree.

The juvenile complaint alleged that A. A. was in possession of a "handgun" in violation of OCGA § 16-11-132, which prohibits any person under the age of 18 from possessing or having under his control a "handgun." The Georgia Code contains a very specific definition of the term "handgun" as used in OCGA § 16-11-132, defining it, in pertinent part, as "a firearm of any description, loaded or unloaded, from which any shot, bullet, or other missile can be discharged by an action of an explosive where the length of the barrel, not including any revolving, detachable, or magazine breech, does not exceed 12 inches." OCGA § 16-11-125.1 (1). As A. A. points out, the State never introduced into evidence either photographs of the firearm

recovered during the July 18 incident or the firearm itself.[2] And Pitts referred to only as a "firearm," "weapon," or "gun," never identifying the recovered weapon as a handgun or describing the length of its barrel. Accordingly, we agree with A. A. that the State failed to carry its burden of proving that he was in possession of a handgun in violation of OCGA § 16-11-132, and we reverse his adjudication of delinquency as to that offense.

The complaint also charged A. A. with carrying a concealed weapon by possessing a "Lorcin .380" and carrying it in a concealed manner in violation of OCGA § 16-11-126, which prohibits, inter alia, the possession and carrying of a "handgun" or a "long gun" by persons prohibited by law from such possession. OCGA § 16-11-126. The same definition of "handgun" discussed above applies to this statute as well, and the Code defines the term "long gun" in specific terms based on the length of its barrel and its overall length, as well as by its design for or use of certain ammunition. OCGA § 16-11-125.1 (4). Once again, because the State failed to present any evidence with regard to the weapon recovered from A. A., we must

---

[2] The failure to describe or introduce the firearm at the motion to suppress hearing is not surprising as the focus of that hearing was whether the officer had reasonable articulable suspicion to detain A. A.

6

reverse his adjudication of delinquency on the charge of violating OCGA § 16-11-126.

Contrary to the State's argument, the fact that the hearing began as a motion hearing and was later converted to an adjudicatory hearing at the request of A. A.'s counsel does not constitute "induced error" by the defense and does not alter this result. The State raised no objection to the procedure and thus acquiesced to it. "A party cannot participate and acquiesce in a trial court's procedure and then complain of it." (Citation and punctuation omitted.) *O'Rourke v. State*, 327 Ga. App. 628, 632-633 (2) (760 SE2d 636) (2014). The State has pointed us to no evidence that A. A. made any admissions or stipulations with regard to the facts of the case or the elements of the charges against him. Thus, it is axiomatic the State bore the burden of proof to present evidence to support each element of the offenses charged. After the motion hearing was converted to an adjudicatory hearing, the State retained that burden of proof but nevertheless failed to present additional evidence or to ask that the defense enter into a stipulation as to any matters not previously addressed in Pitts' testimony.[3] As a result, the State failed to carry its burden of proof to establish the elements of the offenses set forth in OCGA §§ 16-11-126 and 16-11-132.

---

[3] If the State was not prepared at that time to present its case, it could also have objected to the proceeding and requested a continuance.

7

3. A. A. further contends that the State failed to prove venue. "Venue is a jurisdictional fact, and is an essential element in proving that one is guilty of the crime charged. . . . Proof of venue is a part of the State's case, and the State's failure to prove venue beyond a reasonable doubt renders the verdict contrary to law, without a sufficient evidentiary basis, and warrants reversal." *Jones v. State*, 272 Ga. 900, 901-902 (537 SE2d 80) (2000).

A. A.'s hearing was held before the juvenile court of Spalding County. During the hearing, Pitts testified that he observed two individuals loitering outside the Northside Drive Apartment Complex, but he never testified that the complex was in Spalding County or that his pursuit of A. A. occurred there. The State presented no other evidence of venue, and nothing in the record indicates that the trial court took judicial notice of the location of the apartment complex.[4] See *Graham v. State*, 275 Ga. 290, 292 (2) (565 SE2d 467) (2002).

Further, although A. A's counsel stated in summarizing the basis for the motion to suppress in her opening remarks that "[g]enerally, this was on or about July 18th,

---

[4] "In order to take judicial notice of any fact, the trial court must first announce its intention to do so on the record, and afford the parties an opportunity to be heard regarding whether judicial notice should be taken." (Citation and punctuation omitted.) *In the Interest of J. E.*, 245 Ga. App. 770, 771 (538 SE2d 852) (2000).

2014," and "[a] juvenile was standing . . . at Northside Hills apartment complex[5] in Griffin, Spalding County," such a statement does not relieve the State of its burden to present evidence establishing beyond a reasonable doubt that the apartment complex where the alleged offenses occurred was in Spalding County. It is well settled that "[a] defendant may stipulate to venue . . ., but the record must reflect that the defendant expressly authorized such stipulation and that the stipulation was intended to obviate the need for direct proof." *Tompkins v. State*, 278 Ga. 857, 857 (1) (607 SE2d 891) (2005). Nothing in the record indicates that A. A.'s counsel intended her statements to be a stipulation of venue or that A. A. authorized such a stipulation. We find, therefore, that the State failed to establish venue, and "[a] court in which venue is not proved does not have jurisdiction over the crime." *Grier v. State*, 275 Ga. 430, 432 (2) (569 SE2d 837) (2002). See also *Tompkins*, 278 Ga. at 357 (State failed to prove venue at stipulated bench trial). Accordingly, we must reverse A. A.'s conviction on the remaining charges of loitering and obstruction of an officer arising out of the July 18 incident for failure to prove venue.[6]

---

[5] Pitts also referred to the apartment complex as "Northside Hills" at times in his testimony.

[6] We find, however, that the State's evidence was sufficient to prove the elements of the offenses of loitering and obstruction of a police officer beyond a

9

"But [because] venue is not an element of the offense and does not prove or disprove the defendant's guilt," "the failure to establish venue does not bar re-trial in a court where venue is proper and proven." (Citation and punctuation omitted.) Id. at 431 (1). Thus, the State may retry A. A. on the charges of loitering and obstruction of a police officer. See *In the Interest of J. B.*, 289 Ga. App. 617, 619 (658 SE2d 194) (2008); *In the Interest of A. C.*, 263 Ga. App. 44 (587 SE2d 210) (2003).

*Judgment reversed. Barnes, P. J., and Ray, J., concur*.

---

reasonable doubt. See OCGA §§ 16-10-24; 16-11-36.