**SECOND DIVISION**
**MILLER, P. J.,**
**ANDREWS and SELF, JJ.**

**NOTICE: Motions for reconsideration must be *physically received* in our clerk's office within ten days of the date of decision to be deemed timely filed.**
**http://www.gaappeals.us/rules**

**March 7, 2018**

# In the Court of Appeals of Georgia

A18A0800. SMITH v. THE STATE.

ANDREWS, Judge.

Following a stipulated bench trial based on proffered evidence, the State Court of Fayette County found Gerren Smith guilty of driving under the influence of alcohol to the extent he was less safe to drive, in violation of OCGA § 40-6-391 (a) (1). Smith appeals his resulting conviction, arguing that the trial court erred in considering an agreement he entered into during administrative license suspension (ALS) proceedings. He also asserts that the State failed to prove venue. Although the trial court properly considered the ALS evidence, we agree with Smith that the State offered insufficient proof of venue. Accordingly, we reverse.

Viewed favorably to the verdict, see *Mock v. State*, 306 Ga. App. 93, 94 (701 SE2d 567) (2010), the evidence shows that a Fayette County Sheriff's Deputy

stopped Smith in the early morning hours of November 25, 2015, for a tag-light violation. While speaking with Smith, the deputy detected a heavy odor of alcohol coming from Smith's vehicle, and he noticed that Smith had bloodshot, glassy eyes and droopy eyelids. Smith's speech was also slurred, and the deputy smelled alcohol on his breath. The deputy asked Smith to take part in several field sobriety evaluations, but Smith declined, insisting that he had not been drinking. Based on the physical manifestations exhibited by Smith, the deputy determined that he was an impaired driver, placed him under arrest, and read him the Georgia implied consent warning. Smith subsequently refused to give a breath sample for the state-administered breath test.

1. Smith first argues that the trial court erred in considering evidence that, during the ALS proceedings, he agreed with the arresting deputy to plead guilty to the criminal DUI charge in exchange for dismissal of the deputy's sworn report supporting administrative suspension of his driver's license. The agreement, which was reflected in a consent "Motion to Dismiss Sworn Report" signed by Smith's attorney and the deputy, stated:

> The dismissal of the Sworn Report is based upon [Smith's] agreement to enter a guilty plea to the underlying charge of violating OCGA § 40-

6-391 . . . . [Smith] further agrees that if [he] fails to enter the plea as agreed, [Smith] waives [his] right to further contest the suspension under OCGA § 40-5-67.1, and agrees to the entry of an order vacating the Consent Order and an order suspending or disqualifying [his] driver's license, permit or privilege to operate a motor vehicle or commercial motor vehicle in this state.

Based on the parties' agreement, the judge presiding over the ALS proceeding reversed the suspension of Smith's license. Ultimately, however, Smith elected not to plead guilty, and the criminal case proceeded. Prior to trial, the State sought guidance on the admissibility of the ALS agreement, asserting that it amounted to an admission by Smith. The trial court deemed the agreement admissible following a hearing. We find no error.

Smith does not claim on appeal that the ALS agreement was fraudulent or signed without his authority. In fact, he conceded below that his attorney was authorized to enter the agreement on his behalf. Instead, Smith argues that evidence of the agreement should have been excluded because it did not contain language establishing that it would be admissible at his criminal trial if he failed to plead guilty.

In support, Smith cites us to *Flading v. State*, 327 Ga. App. 346 (759 SE2d 67) (2014), a DUI case in which we approved admission of a similar agreement reached between the defendant and the arresting officer prior to the ALS hearing. Like the agreement here, the *Flading* document set forth the defendant's agreement to plead guilty in exchange for dismissal of the officer's sworn report supporting administrative license suspension. It also provided: "The parties agree that a copy of this [agreement] may be admitted into any subsequent legal proceeding involving the charge as an admission by [the defendant] of [the defendant's] guilt or nolo contendere in exchange for the rescission of the administrative license suspension." *Flading*, supra at 348.

Noting that his agreement did not include the quoted language, Smith argues that it should not have been considered at the bench trial. The *Flading* decision, however, did not turn on this language. Rather, after determining that the defendant had authorized his attorney to enter the stipulation, we found his election to "plead guilty to DUI in exchange for the return of his driver's license . . . relevant to, though certainly not dispositive of, the charge that he was driving under the influence of alcohol." *Flading*, supra at 351 (2). We also concluded that any prejudice caused by admission of the agreement did not outweigh its probative value. See id.

4

The same principles apply here. Smith does not dispute that he authorized his attorney to enter the agreement, and he raises no claim of fraud or mistake. The agreement is relevant to the underlying issue at trial – whether Smith drove under the influence of alcohol to the extent he was less safe. See id.; OCGA § 24-4-401 ("[T]he term 'relevant evidence' means evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence."). And nothing indicates that potential prejudice caused by the agreement outweighs its probative value. Accordingly, the trial court properly considered this evidence at the bench trial. See *Flading*, supra; see also *Adams v. State*, 344 Ga. App. 159 (809 SE2d 87) (2017) (following *Flading* in case involving ALS stipulation that did not include language regarding future admissibility of agreement).

2. We agree with Smith, however, that the State failed to present sufficient proof establishing venue in Fayette County. In all criminal cases, the State must prove venue beyond a reasonable doubt. See *Tompkins v. State*, 278 Ga. 857, 858 (1) (607 SE2d 891) (2005); see also OCGA § 17-2-2 (a) ("Criminal actions shall be tried in the county where the crime was committed, except as otherwise provided by law."). Although a defendant may stipulate to venue, "the record must reflect that the

5

defendant expressly authorized such stipulation and that the stipulation was intended to obviate the need for direct proof." See *Tompkins*, supra. This is true even where, as here, the defendant agrees to a bench trial based on proffered evidence. See id. at 858 (2).

We have not found – and the State has not cited – any evidence that Smith stipulated to venue in Fayette County. Moreover, the State proffered no facts that might otherwise support a venue finding. The evidence shows that Smith was stopped on "Highway 138" while driving home from work at the Hyatt House Hotel. But nothing links Highway 138 or the hotel to Fayette County. And although the arresting deputy worked for the Fayette County Sheriff's Department, his "county of employment does not, in and of itself, constitute sufficient proof of venue to meet the beyond a reasonable doubt standard." *Carter v. State*, 320 Ga. App. 454, 457 (2) (740 SE2d 195) (2013) (citations omitted).

Because the State failed to prove venue, we must reverse Smith's conviction for driving under the influence of alcohol. The State, however, "may retry him without violating the Double Jeopardy Clause if there was otherwise sufficient evidence at trial to support" his conviction. *Mock*, supra at 97 (1) (b) (punctuation omitted). The evidence proffered here, including Smith's physical manifestations

during the traffic stop, his refusal to participate in field sobriety tests and the state-administered breath test, and the agreement reached during the ALS proceeding, authorized the trial court to conclude that Smith drove under the influence of alcohol in violation of OCGA § 40-6-391 (a) (1). See *Massa v. State*, 287 Ga. App. 494, 495 (1) (651 SE2d 806) (2007) ("A defendant's refusal to submit to field sobriety tests is admissible as circumstantial evidence of intoxication and together with other evidence would support an inference that he was an impaired driver."); *Alewine v. State*, 273 Ga. App. 629, 630 (1) (616 SE2d 472) (2005) (defendant's erratic driving and physical manifestations supported DUI conviction); *Stephens v. State*, 271 Ga. App. 634, 635 (610 SE2d 613) (2005) ("[T]he refusal to submit to a blood alcohol test created an inference that the test would reveal the presence of a prohibited substance and bears directly on the issue of the sufficiency of the evidence."). Retrial, therefore, is permitted. See *Mock*, supra.

*Judgment reversed. Miller, P. J., and Self, J., concur*.