**THIRD DIVISION**
**DOYLE, P. J.,**
**GOBEIL, J., and SENIOR APPELLATE JUDGE PHIPPS**

NOTICE: Motions for reconsideration must be *physically received* in our clerk's office within ten days of the date of decision to be deemed timely filed.
https://www.gaappeals.us/rules

**February 10, 2023**

# In the Court of Appeals of Georgia

A23A0218. BELL v. THE STATE.

PHIPPS, Senior Appellate Judge.

A jury found Eugene Bell guilty of aggravated assault, rape, and kidnapping. Bell appeals from the denial of his motion for a new trial, contending that: (i) the evidence was insufficient to identify him as the assailant; (ii) the trial court erred by failing to question a juror before releasing her from the panel; and (iii) his trial counsel rendered ineffective assistance in several ways. For the reasons that follow, we disagree and affirm.

On appeal from a criminal conviction, we view the evidence in the light most favorable to the verdict, and the defendant no longer enjoys a presumption of innocence. *Krauss v. State*, 263 Ga. App. 488, 488 (1) (588 SE2d 239) (2003). So viewed, the evidence shows that, at the time of the crimes, the teenage female victim

had known Bell, who was in his mid-twenties, for approximately three weeks. On the evening in question, Bell invited the victim to visit him and his girlfriend in their trailer. After entering the trailer, however, the victim discovered that Bell's girlfriend was not there. Bell locked the trailer door, picked up the victim, lay her on a bed, and removed her pants and underwear while she told him to stop and tried to resist. He then engaged in intercourse with the victim against her will, as she continued to tell him to stop.

At some point, when the victim tried to exit the trailer, Bell shot her in the leg with a BB gun. Bell subsequently left, but locked the trailer door from the outside while the victim remained inside. Bell eventually returned, and, sometime later, his girlfriend arrived with another woman, S. C. By then, several hours had passed since Bell and the victim first arrived at the trailer. An argument ensued, during which the victim left with S. C. The victim eventually went to her grandmother's house, reported the assaults, and was taken to a hospital. Vaginal/cervical swabs taken from the victim a few hours after the assaults contained Bell's DNA.

1. Bell contends that the evidence was insufficient to identify him as the person who assaulted the victim because no witness made an in-court identification of him as the assailant. We disagree.

2

"When a criminal defendant challenges the sufficiency of the evidence supporting his conviction, the relevant question is whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Galvan v. State*, 330 Ga. App. 589, 592 (1) (768 SE2d 773) (2015) (citations and punctuation omitted); see also *Jackson v. Virginia*, 443 U. S. 307, 319 (III) (B) (99 SCt 2781, 61 LE2d 560) (1979). "[A]s long as there is some competent evidence . . . to support each fact necessary to make out the State's case, the trier of fact's verdict will be upheld." *Evans v. State*, 315 Ga. App. 863, 864 (729 SE2d 31) (2012) (citation and punctuation omitted). The identity of the offender is an essential element of criminal offenses that the State must prove beyond a reasonable doubt. *In the Interest of A. A.*, 334 Ga. App. 37, 38 (1) (778 SE2d 28) (2015). But "[i]n-court identification is not the only way to prove that the defendant is the person who committed the crime charged." *Perry v. State*, 222 Ga. App. 445, 446 (474 SE2d 199) (1996). Rather, "[i]dentity may be proven in other ways so long as the State meets its burden of proof." *In the Interest of A. A.*, 334 Ga. App. at 39 (1). In that vein, "[c]oncordance of name alone is some evidence of identity." OCGA § 24-14-40 (a). Thus, "[i]dentity of name presumptively imports identity of person, in the absence of any evidence to

3

the contrary." *Roebuck v. State*, 277 Ga. 200, 201 (1) (586 SE2d 651) (2003) (citation and punctuation omitted).

Here, Bell's name was called at the beginning of the proceedings, there is no question that he was the defendant on trial, and the victim identified both "the defendant" and Bell, by name, as her assailant at trial. Moreover, S. C. — who found Bell and the victim together after the crimes occurred — specifically identified Bell in the courtroom twice, as did the deputy sheriff who arrested Bell outside of his trailer. Finally, as discussed above, Bell's DNA was found in the victim's vagina only a few hours after the assaults.

Under these circumstances, there was simply no question regarding the identity of the person who assaulted, raped, and kidnapped the victim. See *In the Interest of A. A.*, 334 Ga. App. at 39 (1) (concluding that the defendant's identity as the perpetrator was sufficiently established where he was identified by name during the call of the case and several witnesses' testimony, and the record contained no evidence of any other person with the same name at the scene of the offenses or in the courtroom during the proceedings); *Perry*, 222 Ga. App. at 446 (concluding that the victim's use of the defendant's first name both before and during trial to identify him

4

as the person who molested her constituted some evidence of identity). Consequently, Bell's sole challenge to the sufficiency of the evidence fails.

2. After closing arguments, but before deliberations had begun, the State informed the trial court that an issue had arisen during a jailhouse telephone call between Bell and his mother. A recording of the call was played in court, outside of the jury's presence. During the call, Bell told his mother that a juror had been "flirting" with him and talking to him "with her lips" during the trial. Bell added that the juror told him, "I ain't gonna prosecute you," because she knew "it was a bunch of lies."

The trial court conferred with the parties about how to proceed, and Bell's counsel responded that the defense would defer to "the sound discretion of the Court" regarding how best to address the situation. The court ultimately dismissed the juror to protect the "integrity of [the] trial," and an alternate took her place during deliberations. Bell contends that the trial court erred by failing to hold a hearing to determine whether there was a basis for the juror's removal. We disagree.

OCGA § 15-12-172 provides, in relevant part: "If at any time, whether before or after final submission of the case to the jury, a juror dies, becomes ill, upon other good cause shown to the court is found to be unable to perform his duty, or is

5

discharged for other legal cause, the first alternate juror shall take the place of the first juror becoming incapacitated."

> The trial court must exercise its discretion in removing a juror, and it may affect such a removal even after deliberations have begun. There must be some sound basis upon which the trial judge exercises his discretion to remove the juror. A sound basis may be one which serves the legally relevant purpose of preserving public respect for the integrity of the judicial process. *Where the basis for the juror's incapacity is not certain or obvious*, some hearing or inquiry into the situation is appropriate to the proper exercise of judicial discretion. Dismissal of a juror without any factual support or for a legally irrelevant reason is prejudicial.

*State v. Arnold*, 280 Ga. 487, 489 (629 SE2d 807) (2006) (citations and punctuation omitted; emphasis supplied). "In many cases the nature of the juror's inability will be evident to the court so that a hearing on the issue is unnecessary." *Green v. Zant*, 715 F2d 551, 555 (11th Cir. 1983); accord *Gibson v. State*, 290 Ga. 6, 10 (5) (717 SE2d 447) (2011) ("Because the juror's incapacity was obvious to both parties, no additional inquiry by the trial court was required.") (citing *Green*, 715 F2d at 555).

Here, the juror's dismissal "serve[d] the legally relevant purpose of preserving public respect for the integrity of the judicial process" given the allegation — made by Bell himself — that the juror had been commiserating with him during his trial.

6

*Arnold*, 280 Ga. at 489. And on the particular facts of this case, no hearing was required, as the reason for the juror's removal is evident on the face of the existing record. See *Gibson*, 290 Ga. at 10 (5); *Green*, 715 F2d at 555. Consequently, Bell has not established that the trial court abused its discretion by excusing the juror and replacing her with an alternate before deliberations began, pretermitting whether Bell waived any claim to the contrary by deferring to the trial court's discretion on this issue.

3. Bell contends that his trial counsel rendered ineffective assistance by (a) failing to object to the juror's dismissal absent prior questioning by the court; (b) failing to object to the admission of other crimes committed by Bell; (c) failing to use a transcript when impeaching the testimony of the other acts witnesses; (d) failing to object to the admission of recordings of his statements to law enforcement; and (e) attempting to reopen his motion for a directed verdict after the jury began deliberating. We address each alleged error in turn.

To establish ineffective assistance of counsel, one must show that counsel rendered deficient performance that prejudiced the defense. *Strickland v. Washington*, 466 U. S. 668, 687 (III) (104 SCt 2052, 80 LE2d 674) (1984); *Seabolt v. Norris*, 298 Ga. 583, 584 (783 SE2d 913) (2016). Counsel's performance is deficient only if it

7

falls below the wide range of competence demanded of attorneys in criminal cases. *Strickland*, 466 U. S. at 687-689 (III) (A). Meeting that standard requires a showing of errors so serious that counsel was not functioning as the "counsel" guaranteed by the Sixth Amendment. Id. at 687 (III). Prejudice is a reasonable probability that, but for counsel's errors, the result of the proceeding would have been different. Id. at 694 (III) (B); *Seabolt*, 298 Ga. at 584-585. An ineffective-assistance claim is a mixed question of law and fact, and we accept the trial court's factual findings unless clearly erroneous but independently apply the law to those facts. *Hulett v. State*, 296 Ga. 49, 60 (5) (766 SE2d 1) (2014); see also *Strickland*, 466 U. S. at 698 (IV). The defendant bears the burden of proof on both prongs of this claim — if he fails to establish either, a reviewing court need not examine the other. See *Robinson v. State*, 298 Ga. 455, 463 (6) (782 SE2d 657) (2016).

(a) *Removal of juror*. Bell contends that his trial counsel rendered ineffective assistance by failing to object to the juror's removal absent prior questioning as to the basis for her removal.[1] For the reasons stated above in Division 2, however, no

---

[1] Bell's passing assertion that the jury started deliberating before the juror was removed is not supported by the record. At the end of the jury charge, the trial court instructed the jury not to begin deliberations until it received the indictment and evidence. And the recording of Bell's telephone call with his mother was addressed before the jury received the indictment and evidence.

additional inquiry was required on the facts of this case, and Bell's trial counsel therefore did not perform deficiently in this regard. See *Strickland*, 466 U. S. at 687-689 (III) (A); *Simmons v. State*, 314 Ga. 883, 891 (3) (a) (880 SE2d 125 (2022) (counsel does not perform deficiently by failing to make a meritless objection).

(b) *Admission of other acts evidence.* Before trial, the State moved to admit Bell's 2009 conviction for sexual battery under OCGA §§ 24-4-404 (b) and 24-4-413. Following a pre-trial hearing during which Bell's counsel objected to the introduction of this evidence, the trial court found it admissible under both statutes. When the 2009 conviction was introduced at trial, Bell's counsel stated, "I renew my objection, previous objection, Your Honor." The victim of the prior offense and her mother thereafter testified about the acts underlying the 2009 conviction. Bell's counsel did not object to either witness's testimony at that time. Bell contends that his counsel rendered ineffective assistance by neither objecting nor asking for a standing objection when each witness testified, thereby failing to preserve any challenges he may have to the admission of the other acts evidence.[2] We disagree.

---

[2] Bell does not, however, enumerate as error the admission of the other acts evidence. He rather challenges only his counsel's purported failure to preserve the issue for appellate review.

Under the current Evidence Code, "[o]nce the court makes a definitive ruling on the record admitting or excluding any evidence, either at or before trial, a party need not renew an objection or offer of proof to preserve such claim of error for appeal." OCGA § 24-1-103 (a). Thus, given the trial court's pre-trial ruling here, "any objection trial counsel made to the [challenged evidence] at trial would have been unnecessary, because that objection was already preserved." *Carter v. State*, 315 Ga. 214, 220 (2) (881 SE2d 678) (2022). Trial counsel therefore did not perform deficiently by failing to renew his prior objections to the admission of the other acts evidence. See id.; *Gaston v. State*, 307 Ga. 634, 641-642 (2) (c) (837 SE2d 808) (2020) (trial counsel did not perform deficiently by failing to renew a previously overruled objection to the admission of evidence).

(c) *Failure to use a transcript to impeach other acts witnesses.* Bell contends that his counsel was ineffective for failing to use a transcript of the other acts evidence while impeaching the other acts witnesses' testimony. But Bell neither identifies the substance of the witnesses' prior testimony that could have been used to impeach their testimony in the current trial nor explains how doing so likely would have changed the outcome of this trial. He therefore has not met his burden of showing either that his trial counsel performed deficiently or that he was prejudiced

10

thereby. See *Strickland*, 466 U. S. at 687-689 (III) (A), 694 (III) (B); *Seabolt*, 298 Ga. at 584-585; see also *Tolbert v. Toole*, 296 Ga. 357, 363 (3) (767 SE2d 24) (2014) ("It is [the appellant]'s burden, as the party challenging the ruling below, to affirmatively show error from the record on appeal."); *Dickerson v. State*, 280 Ga. App. 29, 34 (2) (633 SE2d 367) (2006) ("[I]t is not the appellate court's duty to cull the record in search of error.").

(d) *Admission of Bell's statements to law enforcement.* Before trial, the State requested a *Jackson-Denno*[3] hearing to determine the admissibility of Bell's statements to several law enforcement officers. Following two such hearings during which Bell's counsel objected to the admission of the statements, the trial court found them admissible. Consequently, Bell's trial counsel did not object when Bell's statements to two of those officers were admitted at trial and a recording of the statements was played for the jury. Bell enumerates as error his trial counsel's failure

---

[3] *Jackson v. Denno*, 378 U. S. 368 (84 SCt 1774, 12 LE2d 908) (1964). The purpose of a *Jackson-Denno* hearing is to determine the voluntariness of an incriminating custodial statement. See *Clark v. State*, 309 Ga. App. 749, 751 (3) (711 SE2d 339) (2011).

11

to preserve any challenges he may have to the admission of the recordings by not contemporaneously objecting.[4] We disagree.

"After a definitive ruling on the admissibility of a defendant's pre-trial statements following a *Jackson-Denno* hearing, a defendant is not required to renew his objections to the admission of those statements at trial to preserve for appellate review the objections previously made." *Harris v. State*, 307 Ga. 657, 663 (2) (a) (837 SE2d 777) (2020); accord OCGA § 24-1-103 (a); *Whitehead v. State*, 287 Ga. 242, 248 (2) (695 SE2d 255) (2010). Thus, because it was unnecessary for trial counsel to renew his prior objections to the admission of Bell's statements to law enforcement, counsel did not perform deficiently by failing to do so at trial. See *Harris*, 307 Ga. at 663 (2) (a); see also generally *Carter*, 315 Ga. at 220 (2); *Gaston*, 307 Ga. at 641-642 (2) (c).

(e) *Attempt to reopen motion for a directed verdict.* Bell contends that his trial counsel rendered ineffective assistance by attempting to reopen his previously raised motion for a directed verdict — for the purpose of challenging the State's failure to establish the identity of the perpetrator — after the jury began deliberating. As stated

---

[4] Once again, Bell does not enumerate as error the admission of the recordings. He rather challenges only his counsel's purported failure to preserve the issue for appellate review.

above in Division 1, however, Bell's challenge to the sufficiency of the evidence to establish identity is meritless. Consequently, Bell has not met his burden of showing either that his trial counsel performed deficiently in this regard or that he was prejudiced thereby, pretermitting whether counsel's argument was procedurally improper when made. See *Strickland*, 466 U. S. at 687-689 (III) (A), 694 (III) (B); *Seabolt*, 298 Ga. at 584-585.

(f) *Cumulative error.* Our rulings above that Bell has not established any instances of deficient performance or other trial court error render it unnecessary to address his cumulative-error claim. See *Flood v. State*, 311 Ga. 800, 808-809 (2) (d) (860 SE2d 731) (2021) ("[W]hen reviewing a claim of cumulative prejudice, we evaluate only the effects of matters determined to be error, not the cumulative effect of non-errors.") (citation and punctuation omitted).

*Judgment affirmed. Doyle, P. J., and Gobeil, J., concur*.