## A03A1877. KRAUSS v. THE STATE.
### (588 SE2d 239)

BLACKBURN, Presiding Judge.

Following his conviction by a jury of sexual assault against a person in custody, Dennis Krauss appeals, arguing that (1) the evidence was insufficient to support his conviction, and that the trial court erred in (2) instructing the jury, and (3) allowing the admission of hearsay testimony. For the reasons set forth below, we affirm.

1. Krauss argues that the evidence was insufficient to allow a rational trier of fact to find him guilty beyond a reasonable doubt of sexual assault against a person in custody. We disagree.

> On appeal from a criminal conviction, the evidence must be construed in the light most favorable to the jury's verdict, and the defendant no longer enjoys the presumption of innocence. An appellate court does not weigh the evidence or judge the credibility of the witnesses but only determines whether the evidence to convict is sufficient under the standard of *Jackson v. Virginia*.[1] Conflicts in the testimony of the witnesses, including the State's witnesses, are a matter of credibility for the jury to resolve. So long as there is some competent evidence, even though contradicted, to support each element of the State's case, the jury's verdict will be upheld.

*Reeves v. State.*[2]

Viewed in this light, the record shows that on December 5, 1999, Krauss, a uniformed officer with the police department, was dispatched to the trailer home of the victim after she called 911. When Krauss arrived, the victim told him that her husband had hit her and that she wanted her husband to leave. Krauss, however, asked the

---

[1] *Jackson v. Virginia,* 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).
[2] *Reeves v. State,* 244 Ga. App. 15, 17 (1) (a) (534 SE2d 179) (2000).

victim to go with him in the police car. In the car, Krauss told the victim that he could take her to jail if he wanted to for domestic violence. The victim testified that at this point she became frightened; she also stated that she believed that she was in custody and was not free to leave. The victim told Krauss that she did not want to go to jail. He told her that they "could take care of it." When asked how she "could take care of it," Krauss told her "[b]y having sex with him." Krauss also said, "We can go to the motel or you can go to jail."

Krauss drove to a motel, got out of the car, and went into the office to get a room. The victim stayed in the police car; when asked why she had done so, she said, "I had to, I was afraid to leave, he, you know, he is a police officer; you don't just leave." She also stated that she thought she was under arrest. After securing a room, Krauss drove the police car around the back of the motel, got out, opened the door for the victim, and pushed her toward the door of the room. Once in the room, Krauss took his gun from his gun belt and told the victim he wanted to have anal sex with her with the gun. The victim refused, started crying, and, at Krauss's order, sat on the bed. Krauss then pushed her back, pulled off her pants, and had sex with her.

The victim continued crying and told Krauss she wanted to go home. Krauss dressed and dropped by the motel office to get a refund on the room; while he was in the office, the victim again stayed in the car, testifying that she felt "locked in" and "under his authority." After leaving the motel office, Krauss drove the victim home.

Sexual assault of a person in custody is defined in OCGA § 16-6-5.1 (c) (1) (A), which states that "[a] person commits sexual assault when such person has supervisory or disciplinary authority over another person and such person engages in sexual contact with that other person who is [i]n the custody of law." Consent of the victim is not a defense to prosecution. OCGA § 16-6-5.1 (c) (3). It is clear that the evidence was sufficient to enable a rational trier of fact to find Krauss guilty beyond a reasonable doubt of the crime of sexual assault of a person in custody. See *Jackson,* supra.

2. Krauss contends that the trial court erred in charging the jury on the definition of "custody" as it applies to the criminal offense of sexual assault against a person in custody. This enumeration of error has no merit.

As part of its charge on the offense of sexual assault against a person in custody, the trial court stated, "Custody is defined as follows: It is the state of being kept or guarded or the state of being detained or held under guard." This definition of custody is the definition found in the American Heritage Dictionary and was the definition employed by our Supreme Court in construing what it found to be "the plain meaning of the phrase 'in the custody of law' as incorpo-

rated in OCGA § 16-6-5.1." *Palmer v. State.*[3] Contrary to Krauss's assertions, there is nothing vague about this definition of "custody," and the jury did not need "further clarifying instructions" to acquire "an understanding of what it means to be in a 'state of being kept or guarded' and in a 'state of being detained.'"

3. Krauss next contends that the trial court erred in admitting the hearsay testimony of Michael Hullihan, a detective with the Glynn County Police Department. Detective Hullihan testified that Kermit Spann, a friend of the victim, had told him that a woman had been raped by a member of the police department and that she was afraid to report the rape. Krauss objected to the testimony as hearsay, but the trial court overruled the objection, finding that the testimony explained the officer's conduct in investigating the case.

> Only on rare occasions will the need to explain the conduct of an investigating officer justify the admission of hearsay evidence. Otherwise, it is error to permit an investigating officer to testify, under the guise of explaining the officer's conduct, to what other persons related to the officer during the investigation. Prosecutors and trial judges would be well advised to walk wide of error in the proffer and admission of such evidence.

(Citations and punctuation omitted.) *Mason v. State.*[4]

This is not one of those rare instances where the conduct of the officer needs to be explained, and it was error for the trial court to admit Detective Hullihan's hearsay testimony. However, because this testimony was merely cumulative of the testimony of the actual victim herself, *Assad v. State,*[5] and because Krauss, who was also charged with rape and sexual battery, was convicted of neither, "it is highly probable that this testimony did not contribute to the verdict." *Price v. State.*[6]

*Judgment affirmed. Ellington and Phipps, JJ., concur.*

DECIDED AUGUST 28, 2003 —
RECONSIDERATION DENIED OCTOBER 2, 2003.

*Patrick C. Kaufman,* for appellant.

---

[3] *Palmer v. State,* 260 Ga. 330, 331 (393 SE2d 251) (1990).
[4] *Mason v. State,* 274 Ga. 79, 81 (4) (548 SE2d 298) (2001).
[5] *Assad v. State,* 195 Ga. App. 692, 693 (394 SE2d 617) (1990).
[6] *Price v. State,* 240 Ga. App. 37, 39-40 (2) (522 SE2d 543) (1999).

*Stephen D. Kelley, District Attorney, Susan B. Thornton, Assistant District Attorney*, for appellee.