In the Supreme Court of Georgia

Decided: March 7, 2016

S15A1692. SEABOLT v. NORRIS.

MELTON, Justice.

Following the grant of Melissa Norris' petition for a writ of habeas corpus, Kathy Seabolt, in her capacity as warden, appeals, contending that the habeas court erred in finding appellate counsel was ineffective for (1) failing to allege error from the trial court's refusal to charge on accident; (2) failing to argue on appeal that the trial court erred by not charging involuntary manslaughter as a lesser included offense of malice murder; (3) failing to argue ineffective assistance of trial counsel on appeal based on trial counsel's lack of objection to questions and closing argument that allegedly commented on Norris' right to remain silent; and (4) failing to argue on appeal that the trial court erred by improperly limiting trial counsel's closing argument to one hour. As explained more fully below, because the habeas court properly granted relief to Norris on the second ground mentioned above, but  erred with respect to

various other aspects of its ruling, we affirm the habeas court's ruling in part and reverse it in part.[1]

As found by this Court in Norris' prior direct appeal, the underlying facts of this case are as follows:

> [On December 20, 1995,] Barry Norris was found shot to death in his home. [Melissa Norris], who was 15 years old, confessed to her brother and to police that, after an argument with her father, she took a pistol and shot him in the back of the head at close range. Expert medical testimony showed that the victim died as the result of a contact range gunshot to the back of his head.

Norris v. State, 282 Ga. 430, 430-431 (1) (651 SE2d 40) (2007). Following an August 5-7, 1997 jury trial, Norris was found guilty of murder, aggravated assault, and possession of a firearm during the commission of a felony, but acquitted of felony murder and voluntary manslaughter and involuntary manslaughter as lesser included offenses of felony murder. Although trial

---

[1] We address the matters upon which the habeas court erred because they involve issues that are likely to recur in the event of a retrial. See, e.g., Davis v. State, 272 Ga. 327 (6) (528 SE2d 800) (2000). We also note, however, that a new trial in this case would now be governed by the provisions of "Georgia's new Evidence Code, which applies to cases tried after January 1, 2013" ( Solomon v. State, 293 Ga. 605, 607 (2) n.2 (748 SE2d 865 (2013)), and we make no rulings here relating to the manner in which the new Evidence Code may impact the issues involved in this case.

counsel had requested a charge on accident as an affirmative defense and involuntary manslaughter as a lesser included offense of malice murder, the trial court refused to give these charges. New appellate counsel filed a motion for out-of-time appeal on March 1, 2006, which motion the trial court granted on January 30, 2007, and this Court affirmed Norris' conviction on appeal. See Norris, supra.

On September 23, 2011, Norris filed a petition for a writ of habeas corpus but dismissed it without prejudice on November 28, 2011, due to the unavailability of her prior attorneys. She then re-filed her habeas petition on May 29, 2012 pursuant to the six-month renewal provision of OCGA § 9-2-60 (see Phagan v. State, 287 Ga. 856 (700 SE2d 589) (2010)), and she amended it on February 11, 2013.

Due to the continuing health issues of Norris' trial and appellate counsel, the parties conducted depositions of the attorneys in lieu of their appearance in court. Following evidentiary hearings in which the testimony of trial and appellate counsel was admitted via deposition, the habeas court granted relief to Norris, finding that appellate counsel was ineffective. The warden appeals from the habeas court's ruling.

In order to prevail on her claims, Norris

must show that h[er] appellate lawyer rendered deficient performance and that actual prejudice resulted. Strickland v. Washington, [466 U. S. 668, 687 (III) (104 SCt 2052, 80 LE2d 674) (1984)]; Battles v. Chapman, 269 Ga. 702 (506 SE2d 838) (1998); Smith v. Francis, 253 Ga. 782, 783-784 (1) (325 SE2d 362) (1985). With respect to the performance prong, counsel on appeal is "strongly presumed to have rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment." Strickland v. Washington, supra[, 466 U. S.] at 690. Because counsel's performance is considered in light of the circumstances surrounding the representation, reference to hindsight is inappropriate in judging counsel's performance. [Id.] at 689-690 … In order to find actual prejudice, a court must conclude that "there is a reasonable probability (i.e., a probability sufficient to undermine confidence in the outcome) that, but for counsel's unprofessional errors, the result of the proceeding would have been different [cit.]." Smith v. Francis, supra[, 253 Ga.] at 783 (1). An ineffective assistance claim presents a mixed question of fact and law, and we accept the habeas court's findings of fact unless clearly erroneous but independently apply those facts to the law. Strickland v. Washington, supra[, 466 U. S.] at 698; Lajara v. State, 263 Ga. 438, 440 (3) (435 SE2d 600) (1993).

Head v. Ferrell, 274 Ga. 399, 403-404 (V) (554 SE2d 155) (2001).

1. The State correctly argues that the habeas court erred in granting habeas relief to Norris on her claim that appellate counsel was ineffective for not arguing on appeal that the trial court erred by failing to give a requested jury instruction on the affirmative defense of accident at trial. As explained more

4

fully in Division 2, infra, the facts of this case showing that Norris may have been "playing with" the gun near the back of her father's head when she shot him supports the giving of a charge on involuntary manslaughter based on misdemeanor reckless conduct, but not accident. See, e.g., Browner v. State, 296 Ga. 138 (4) (765 SE2d 348) (2014).

2. The habeas court properly granted relief to Norris on her claim that appellate counsel was ineffective for failing to argue that the trial court erred by not giving a requested charge on involuntary manslaughter as a lesser included offense of malice murder.

"[A] written request to charge a lesser included offense must always be given if there is any evidence that the defendant is guilty of the lesser included offense." State v. Alvarado, 260 Ga. 563, 564 (397 SE2d 550) (1990). Despite counsel's proper request, the trial court refused to give a charge on involuntary manslaughter as a lesser included offense of malice murder, and instead charged the jury that involuntary manslaughter was only a lesser included offense of felony murder. However, as explained more fully below, the very same evidence that supported a charge of involuntary manslaughter as a lesser included offense of felony murder supports the conclusion that Norris could have been guilty of

5

involuntary manslaughter as a lesser included offense of malice murder.

"A person commits the offense of involuntary manslaughter in the commission of an unlawful act when he causes the death of another human being without any intention to do so by the commission of an unlawful act other than a felony." OCGA § 16-5-3 (a). In this regard, a person may be found guilty of misdemeanor reckless conduct when he or she "causes bodily harm to or endangers the bodily safety of another person by consciously disregarding a substantial and unjustifiable risk that his [or her] act or omission will cause harm or endanger the safety of the other person and the disregard constitutes a gross deviation from the standard of care which a reasonable person would exercise in the situation." OCGA § 16-5-60. Here, Norris was not necessarily engaged in the felony of aggravated assault if she was playing with the gun or even pointing it at the back of her father's head, ostensibly without his knowledge. See OCGA § 16-11-102 ("A person is guilty of a misdemeanor when he intentionally and without legal justification points or aims a gun or pistol at another, whether the gun or pistol is loaded or unloaded"). Indeed, based on Norris' statement to police that she did not even know that the gun was loaded when she pointed it at the back of her father's head, the jury could have

6

reasonably concluded that Norris acted in a manner that amounted to reckless conduct, but did not act with the requisite malice to support a finding of guilt for murder or commit an underlying felony to support conviction for felony murder, at the time that the fatal shot was fired. See OCGA § 16-5-1 (a) ("A person commits the offense of [malice] murder when he unlawfully and with malice aforethought, either express or implied, causes the death of another human being"). The trial court therefore should have given the requested charge on involuntary manslaughter as a lesser included offense of malice murder, and not just as a lesser included offense of felony murder, and erred by failing to do so.

The trial court's failure to charge on involuntary manslaughter as a lesser included offense of malice murder was prejudicial, as the evidence presented at trial was not overwehelming. See, e.g., Smith v. State, 244 Ga. App. 667 (1) (536 SE2d 561) (2000) (trial court committed reversible error by failing to charge on lesser included offense where evidence supported charge and evidence of guilt was not overwhelming). Indeed, while the evidence was undisputed that the victim was shot in the back of the head at point blank range, the conflicting evidence about the manner in which the shooting transpired – including Norris' statement to police that she did not know that the gun was

7

loaded when she was playing with it and her trial testimony in which she claimed that she had not shot her father at all and was simply trying to cover up her brother's actions – would have allowed a properly instructed jury to consider reasonable alternatives for the shooting that did not involve an outright intent to commit malice murder. Compare O'Connell v. State, 297 Ga. 410 (3) (774 SE2d 645) (2015). Because appellate counsel likely would have prevailed on this issue that he should have raised but did not raise on appeal, the habeas court properly granted relief to Norris on her claim of ineffective assistance of appellate counsel on this ground.

3. The State correctly argues, however, that the habeas court erred in concluding that appellate counsel would have succeeded on a claim that trial counsel was ineffective for failing to object to questions and closing argument that allegedly commented on Norris' right to remain silent.[2] Contrary to the habeas court's conclusions, the record reveals that the State only cross-examined Norris about and commented on inconsistencies between her pre-trial statement to police, in which she claimed that the shooting had occurred by accident, and

---

[2] We address this enumeration because the nature of the prosecutor's cross-examination touches upon an issue that is likely to recur at any retrial.

8

her changed testimony at trial, in which she claimed that she had not shot her father at all. "It was not improper for the prosecutor to cross-examine [Norris] regarding [her] failure to mention the [fact that she allegedly had not shot her father at all] to officers or others when [she] made [her] statement or at any other time before trial." Stringer v. State, 285 Ga. 842, 845-846 (4) (684 SE2d 590) (2009). See also State v. Sims, 296 Ga. 465, 469 (2) (a) (769 SE2d 62) (2015) (State does not violate Georgia's "bright line rule" of Mallory v. State, 261 Ga. 625 (409 SE2d 839) (1991), that forbids commenting on a defendant's right to remain silent where the comments are "limited to noting inconsistencies in [the defendant's] pre-trial statements to authorities").[3] Because an objection by trial counsel to the prosecutor's comments would have been without merit, a claim on appeal of ineffective assistance of trial counsel based on his failure to object

---

[3] We make no ruling here on the continued viability of the "bright line" rule articulated in Mallory v. State, 261 Ga. 625 (409 SE2d 839) (1991) for purposes of any retrial. As we also noted in State v. Sims, supra:

> Mallory was decided not on constitutional grounds but rather based on former OCGA § 24-3-36. See Mallory, supra, 261 Ga. at 630. When this case is retried, the new Evidence Code will apply. We express no opinion about the continuing validity of Mallory under the new Evidence Code.

(Citation omitted.) Id. at 471 (3).

9

would have been unsuccessful. Hayes v. State, 262 Ga. 881, 884 (3) (c) (426 SE2d 886) (1993) ("Failure to make a meritless objection cannot be evidence of ineffective assistance"). Accordingly, the habeas court erred in concluding that appellate counsel rendered ineffective assistance on this ground.

4. The State also correctly argues that the habeas court erroneously concluded that appellate counsel was ineffective for failing to argue on appeal that the trial court erred by improperly limiting trial counsel's closing argument to one hour.[4] While it is true that "[i]n cases involving capital felonies, counsel shall be limited to *two* hours [for closing arguments] for each side" ([emphasis supplied] OCGA § 17-8-73), the record reveals that trial counsel acquiesced at trial to the court's ruling that closing arguments would be limited to one hour per side. Indeed, further underscoring the fact that trial counsel consciously acquiesced to this ruling, counsel even conceded in his post-trial deposition that he "went along with the Court['s limiting of closing arguments to one hour for each side] because [h]e. . . believed [h]e [was] entitled to one hour, rather than two." Because "defense counsel acquiesced in the court's ruling and waived

_____

[4] We address this issue to clarify the proper duration of closing arguments in any retrial.

th[e] issue on appeal" relating to the duration of the closing arguments (<u>Agee v. State</u>, 279 Ga. 774, 775 (2) (621 SE2d 434) (2005)), it cannot be said that appellate counsel was ineffective for having failed to raise this alleged error by the trial court. <u>Humphrey v. Lewis</u>, 291 Ga. 202 (V) (A) (iv) (728 SE2d 603) (2012). The habeas court therefore erred in concluding otherwise.

<u>Judgment affirmed in part and reversed in part. All the Justices concur.</u>