**SECOND DIVISION**
**MILLER, P. J.,**
**MERCIER and COOMER, JJ.**

NOTICE: Motions for reconsideration must be *physically received* in our clerk's office within ten days of the date of decision to be deemed timely filed.
https://www.gaappeals.us/rules

*DEADLINES ARE NO LONGER TOLLED IN THIS COURT.  ALL FILINGS MUST BE SUBMITTED WITHIN THE TIMES SET BY OUR COURT RULES.*

**August 19, 2020**

# In the Court of Appeals of Georgia

A20A1459. ABERNATHY v. THE STATE.

PER CURIAM.

Following a jury trial, Michael Abernathy was convicted of child molestation and enticing a child for indecent purposes.[1] Abernathy filed a motion for new trial, which the trial court denied. Abernathy appeals, arguing that the admission of the victim's trauma narrative violated his rights under the Sixth Amendment's Confrontation Clause and that his trial counsel rendered ineffective assistance in failing to object to the admission of this evidence. For the following reasons, we affirm.

---

[1] The jury found Abernathy guilty of two counts of child molestation, but at sentencing the trial court merged these two counts together

On appeal from a criminal conviction, we view the evidence in the light most favorable to the verdict, and the defendant no longer enjoys a presumption of innocence. *Krauss v. State*, 263 Ga. App. 488, 488 (1) (588 SE2d 239) (2003). So viewed, the evidence here shows that around Thanksgiving 2016, S. A., who was then 12 years old, disclosed to a friend that Abernathy, her stepfather, forced her to have sex with him. S. A.'s mother learned of the disclosure and confronted Abernathy, who denied having sex with S. A. and claimed that she had climbed into bed with him, touched him, and tried to kiss him and make him touch her breasts.

S. A. participated in a forensic interview shortly after the incident. During this interview, S. A. struggled to talk about the incident but reported that Abernathy summoned her to bed, placed his arm over her, rolled her onto her back, laid on her, and forced her to have sex with him or touched her vaginal area with his penis area, and that afterwards she took a bath and he apologized and told her not to tell anyone.

S. A. subsequently attended therapy, during which she initially struggled to talk about the details of the incident but eventually prepared a trauma narrative describing it. S. A. stated in the narrative that:

> [Abernathy] swung his leg over me. He straddled me. We were face-to-face. He took off my underwear with his hands. . . . My nightgown was

2

pulled up just below my breasts. He pulled it up. Pretty sure he did this with his hands. He was wearing a pair of gray boxers. He kept them on the whole time. They had a flap in the front. I wasn't able to tell if his penis was coming through there. His penis was near my vagina. I'm not sure if it went inside. His penis felt hard. I don't remember where his hands were. I'm almost positive he moved up and down when his penis was near my vagina. I don't remember how it felt. He didn't say nothing during it. . . .

He got off me. He rolled on his side. He handed me my underwear, told me to put them back on, and said he was sorry. He told me not to tell anyone or he would go to jail. I went and took a bath.

Without objection from Abernathy, the narrative was admitted into evidence at trial pursuant to the child hearsay statute, OCGA § 24-8-820.

At trial, S. A. testified that Abernathy woke her up and told her to come to bed with him; while under the bedsheets, he placed his arm over her and rolled her onto her back; and he then did something inappropriate that made her feel uncomfortable. S. A. testified that after the incident she felt sad and needed to take a bath, and Abernathy apologized and told her he would go to jail if she told anyone about it. Abernathy's counsel cross-examined S. A., asking for further details of the incident, but she stated that it was too emotionally difficult for her to discuss such details.

3

In his motion for new trial, Abernathy claimed for the first time that the admission of the trauma narrative pursuant to OCGA § 24-8-820 violated his rights under the Confrontation Clause because (i) the child hearsay statute does not require that the child victim's statement bear indicia of reliability in order to be admitted at trial, and (ii) S. A. was not truly available for cross-examination because she refused to discuss the incident and essentially relied on her trauma narrative for details. Abernathy also claimed that his trial counsel rendered ineffective assistance by failing to object to the admission of the trauma narrative. The trial court denied the motion, and this appeal followed.

1. Abernathy reiterates his claim that the admission of the trauma narrative violated his Confrontation Clause rights because (i) the child hearsay statute does not require that the child victim's statement bear indicia of reliability, and (ii) S. A. was not truly available for cross-examination. Because Abernathy did not challenge the admission of the trauma narrative until his motion for new trial, this claim is only subject to review for plain error affecting his substantial rights.[2] See *White v. State*,

_____

[2] It is arguable that Abernathy affirmatively waived his Confrontation Clause claim. This is because his counsel (i) consented before trial to the admission of statements S. A. made to her therapist (but conditioned this consent on the State satisfying the requirements of the Confrontation Clause), and (ii) affirmatively stated "[n]o objection" when the narrative was offered at trial See *McAlister v. State*, 351

4

305 Ga. 111, 113 n. 2 (823 SE2d 794) (2019); *Simpson v. State*, 353 Ga. App. 568, 571 (2) (839 SE2d 47) (2020); *Latta v. State*, 341 Ga. App. 696, 702 (3) (802 SE2d 264) (2017); see also OCGA § 24-1-103 (d) ("Nothing in this Code section shall preclude a court from taking notice of plain errors affecting substantial rights although such errors were not brought to the attention of the court."). However, Abernathy cannot establish error, let alone plain error, for two reasons: (i) the Confrontation Clause does not guarantee the reliability of hearsay statements, and (ii) S. A. testified and was available for cross-examination at trial.

At the time of Abernathy's offenses in 2016, OCGA § 24-8-820, the child hearsay statute, provided:

> A statement made by a child younger than 16 years of age describing any act of sexual contact or physical abuse performed with or on such child by another . . . shall be admissible in evidence by the testimony of the person to whom made if the proponent of such statement provides notice to the adverse party prior to trial of the intention to use such out-of-court statement and such child testifies at the trial, unless the adverse party forfeits or waives such child's testimony as provided in this title,

Ga. App. 76, 88-89 (3) (830 SE2d 443) (2019). However, because the confrontation claim is relevant to Abernathy's ineffective assistance claim, which we address in Division 2, we assume the confrontation claim has not been waived and address it here.

5

and, at the time of the testimony regarding the out-of-court statements, the person to whom the child made such statement is subject to cross-examination regarding the out-of-court statements.

See Ga. L. 2013, pp. 222, 237-238, § 13. Previously, the statute had provided:

A statement made by a child under the age of 14 years describing any act of sexual contact or physical abuse performed with or on the child by another shall be admissible in evidence by the testimony of the person to whom made if the child is available to testify in the proceedings and the court finds that the circumstances of the statement provide sufficient indicia of reliability.

See OCGA § 24-8-820 (Jan. 2013 - June 2013); former OCGA § 24-3-16.

The Confrontation Clause of the Sixth Amendment to the United States Constitution provides that "[i]n all criminal prosecutions, the accused shall enjoy the right . . . to be confronted with the witnesses against him." In *Crawford v. Washington*, 541 U. S. 36 (124 SCt 1354, 158 LE2d 177) (2004), the United States Supreme Court overturned the "indicia of reliability" test as laid out in *Ohio v. Roberts*, 448 U. S. 56 (100 SCt 2531, 65 LE2d 597) (1980),[3] and held that the

---

[3] In *Roberts*, 448 U. S. at 65-66 (II) (B), the Supreme Court had held that the statement of a hearsay declarant who was unavailable for trial could be admitted only if it bore adequate indicia of reliability.

Confrontation Clause bars the admission of out-of-court statements of an unavailable witness when (i) the statements are testimonial in nature, and (ii) the defendant does not have a prior opportunity to cross-examine the witness about the statements. The Supreme Court explained in *Crawford* that

> when the declarant appears for cross-examination at trial, the Confrontation Clause places no constraints at all on the use of his prior testimonial statements. It is therefore irrelevant that the reliability of some out-of-court statements cannot be replicated, even if the declarant testifies to the same matters in court. The Clause does not bar admission of a statement so long as the declarant is present at trial to defend or explain it.

541 U. S. at 59 n. 9 (IV) (citations and punctuation omitted); see also id. at 61 (V) (A) ("Admitting statements deemed reliable by a judge is fundamentally at odds with the right of confrontation. To be sure, the Clause's ultimate goal is to ensure reliability of evidence, but it is a procedural rather than a substantive guarantee. It commands, not that evidence be reliable, but that reliability be assessed in a particular manner: by testing in the crucible of cross-examination."); *Franklin v. State*, 298 Ga. 636, 640 (2) (784 SE2d 359) (2016) (after *Crawford*, whether a hearsay statement bears sufficient indicia of reliability is irrelevant to a Confrontation Clause analysis).

Accordingly, even assuming that S. A.'s statements in the trauma narrative were testimonial,[4] no Confrontation Clause violation occurred here because (i) the Clause does not require that hearsay statements be reliable in order to be admissible, and (ii) S. A. testified and was available for cross-examination at trial. See *Cornell v. State*, 349 Ga. App. 883, 884-885 (2) (827 SE2d 63) (2019) (admission of evidence pursuant to child hearsay statute did not violate defendant's rights under Confrontation Clause, where victim testified at trial and was cross-examined by defendant).

Abernathy relies on two Georgia cases, *Hatley v. State*, 290 Ga. 480 (722 SE2d 67) (2012), and *Matabarahona v. State*, 335 Ga. App. 25 (780 SE2d 731) (2015) (physical precedent only), to support his contention that the Confrontation Clause conditions the admissibility of a hearsay statement on its reliability. Abernathy's reliance on these cases is misplaced because they analyzed the prior versions of the child hearsay statute, which conditioned, as a matter of statutory law, admissibility of the child victim's statement on a showing of the statement's reliability. These cases did *not* hold that the Confrontation Clause itself required any showing of the

_____

[4] "A statement is testimonial if its primary purpose was to establish evidence that could be used in a future prosecution." *McCord v. State*, 305 Ga. 318, 321 (2) (a) (825 SE2d 122) (2019).

8

statement's reliability. Specifically, in *Hatley*, 290 Ga. at 483-484 (I), the Georgia Supreme Court simply held that the Confrontation Clause required the State to notify the defendant before trial of its intent to use the child victim's hearsay statement, and to present the child witness at trial if the defendant raised a Confrontation Clause objection; the Supreme Court explained that if the defendant did not raise a Confrontation Clause objection, the State could introduce the statement subject to the statutorily-required showing of reliability. In *Matabarahona*, 335 Ga. App. at 29-30 (3), which is physical precedent only, this Court acknowledged the difference between an objection to a child victim's statement on Confrontation Clause grounds and a "hearsay objection" to such a statement on the basis that it did not meet the statutorily-required showing of reliability, explaining: "[The defendant] could have raised a Confrontation Clause objection, but he failed to do so. Although he raised a hearsay objection, it was confined to the issue of the reliability of the statements." See also *Latta*, 341 Ga. App. at 703 (3) ("[T]he applicable version of OCGA § 24-8-820, unlike its predecessors, does not require a showing that the out-of-court statement has indicia of reliability, and this court has declined to add judicially a requirement that the legislature did not include.") (punctuation omitted).

9

The fact that S. A. did not discuss the details of the incident at trial does not mean that she was unavailable or not subject to cross-examination. "The fact that a child witness is unresponsive or evasive in response to certain questions on the witness stand does not render the child's out-of-court statements inadmissible under the Child Hearsay Statute or violate the Sixth Amendment confrontation rights of the defendant." *Kirkland v. State*, 334 Ga. App. 26, 31 (2) (778 SE2d 42) (2015). "So long as the witness is made available for confrontation and cross-examination, the defendant's rights are protected, even if the witness is uncommunicative or unresponsive." *Smith v. State*, 228 Ga. App. 144, 147 (3) (491 SE2d 194) (1997); see also id. ("If a child, who has reported child molestation to an adult permitted to testify to the out-of-court statement at trial, is incapable of reiterating the accusation at trial or is unresponsive or evasive during cross-examination, the jury must decide the child's credibility, taking into consideration the child's maturity and ability to withstand the pressure and intimidation of the courtroom environment."); compare *Barksdale v. State*, 265 Ga. 9, 12-13 (2) (b) (453 SE2d 2) (1995) (admission of witness' prior statement violated defendant's right of confrontation, where witness completely refused to testify and therefore was unavailable for any cross-

10

examination). Thus, Abernathy has failed to show any Confrontation Clause violation.

2. Abernathy also reiterates his claim that his trial counsel rendered ineffective assistance by failing to object to the admission of the trauma narrative, asserting that counsel should have objected on the grounds that (i) the child hearsay statute violates the Confrontation Clause because it requires no showing of a statement's reliability, and (ii) admission of the narrative constituted improper bolstering of S. A.'s testimony. However, Abernathy has failed to show that he received ineffective assistance.

To establish ineffective assistance of counsel, Abernathy must show that counsel rendered deficient performance that prejudiced his defense. *Strickland v. Washington*, 466 U. S. 668, 687 (III) (104 SCt 2052, 80 LE2d 674) (1984); *Seabolt v. Norris*, 298 Ga. 583, 584 (783 SE2d 913) (2016). Counsel's performance is deficient only if it falls below the wide range of competence demanded of attorneys in criminal cases. *Strickland*, 466 U. S. at 687-689 (III) (A). This requires a showing of errors so serious that counsel was not functioning as the "counsel" guaranteed by the Sixth Amendment. Id. at 687 (III). Prejudice is a reasonable probability that, but for counsel's errors, the result of the proceeding would have been different. Id. at 694

11

(III) (B); *Seabolt*, 298 Ga. at 584-585. An ineffective assistance claim is a mixed question of law and fact, and we accept the trial court's factual findings unless clearly erroneous and independently apply the law to those facts. *Hulett v. State*, 296 Ga. 49, 60 (5) (766 SE2d 1) (2014); see also *Strickland*, 466 U. S. at 698 (IV). The defendant bears the burden of proof on both prongs of an ineffective assistance claim, and if the defendant does not meet his burden on either prong, we need not examine the other prong. See *Robinson v. State*, 298 Ga. 455, 463 (6) (782 SE2d 657) (2016).

Here, Abernathy's ineffective assistance claim fails because the trauma narrative was properly admitted. As discussed above, admission of the narrative pursuant to the child hearsay statute did not violate the Confrontation Clause for two reasons: (i) the Clause does not require that statements be reliable in order to be admissible, and (ii) S. A. testified at trial. See *Latta*, 341 Ga. App. at 705 (5) (a) ("[G]iven that the out-of-court statements were properly admitted under the applicable child hearsay statute, OCGA § 24-8-820, trial counsel had no grounds for challenging this testimony and cannot be adjudged ineffective for failing to object to it."). In addition, any objection to the admission of the narrative as improper bolstering of S. A.'s testimony would have been meritless. "[T]he Child Hearsay Statute actually contemplates testimony from both the child and those witnessing the

child's later reaction, even if the hearsay may be 'bolstering.' Any 'bolstering' can be explored by defendant in cross-examination." *Bell v. State*, 294 Ga. App. 779, 781 (4) (670 SE2d 476) (2008); see also *Latta*, 341 Ga. App. at 703 (3).

For the foregoing reasons, we affirm the judgment of the trial court.

*Judgment affirmed. Division Per Curiam. All Judges concur.*