**FIFTH DIVISION**
**RICKMAN, C. J.,**
**MCFADDEN, P. J., and SENIOR APPELLATE JUDGE PHIPPS**

NOTICE: Motions for reconsideration must be *physically received* in our clerk's office within ten days of the date of decision to be deemed timely filed.
https://www.gaappeals.us/rules

*DEADLINES ARE NO LONGER TOLLED IN THIS COURT. ALL FILINGS MUST BE SUBMITTED WITHIN THE TIMES SET BY OUR COURT RULES.*

October 13, 2021

# In the Court of Appeals of Georgia

A21A0942. MCCLURE v. THE STATE.

PHIPPS, Senior Appellate Judge.

A jury found Thomas McClure guilty of three counts of child molestation, two counts each of incest and aggravated child molestation, and one count of aggravated sexual battery. He appeals from the denial of his motion for a new trial, contending that his trial counsel rendered ineffective assistance by failing to (i) file a motion to suppress evidence recovered from his cell phone during a search conducted pursuant to a search warrant he claims was defective and (ii) request a limiting instruction regarding several text-message exchanges that originated from his cell phone and his oldest daughter's cell phone. For the reasons that follow, we disagree and affirm.

On appeal from a criminal conviction, we view the evidence in the light most favorable to the verdict, and the defendant no longer enjoys a presumption of

innocence. *Krauss v. State*, 263 Ga. App. 488, 488 (1) (588 SE2d 239) (2003). So viewed, the evidence shows that, when McClure's daughter M. M. was 13 years old, McClure began touching her breasts, inserting his fingers into her vagina, and "French"-kissing her. The abuse escalated quickly over the course of a few days, and McClure engaged in intercourse with M. M. numerous times over the next few months, sometimes using sex toys.

Around that same time, when McClure's younger daughter V. M. was approximately ten or eleven years old, McClure began showing her pornography and subsequently did so "[o]ver a hundred times." In the weeks that followed, McClure began to touch V. M.'s breasts and vagina, at first over her clothes and later under her clothes and undergarments. The abuse continued to escalate, with McClure putting his fingers inside V. M.'s vagina and, eventually, engaging in intercourse and oral sex with her more than one hundred times, sometimes using sex toys, and often while watching pornographic videos.

At some point during this time period, McClure showed V. M. photographs on his computer of V. M.'s older sister M. M. In one such photograph, M. M. was unclothed, and McClure had his penis inside of her vagina. The abuse of V. M. continued until she was approximately 15 years old. V. M. first told M. M. that

2

V. M. knew of M. M.'s prior abuse around that time. The two then disclosed the abuse to their older sister A. M. , who relayed that disclosure to their mother. A report was made to law enforcement some months after that, at which point McClure was arrested. During McClure's trial, all three sisters testified as to the above occurrences, and an audiovisual recording of V. M.'s interview with law enforcement detailing the abuse also was played for the jury.

McClure testified in his own defense, denying the allegations against him. The jury found him guilty of three counts of child molestation, two counts each of incest and aggravated child molestation, and one count of aggravated sexual battery. The trial court denied his motion for a new trial, and this appeal followed.

1. McClure first argues that his trial counsel rendered ineffective assistance by failing to file a motion to suppress evidence recovered from his cell phone during a search conducted pursuant to a search warrant that he claims was defective. He contends that the search warrant did not authorize the contents of the phone to be searched because the warrant did not provide for a forensic copy to be made of the phone, specify with particularity the evidence sought to be obtained, or limit what data could be examined from the forensic copy that was made. McClure has not met his burden of establishing ineffective assistance in this regard.

3

To establish ineffective assistance of counsel, one must show that counsel rendered deficient performance that prejudiced the defense. *Strickland v. Washington*, 466 U. S. 668, 687 (III) (104 SCt 2052, 80 LE2d 674) (1984); *Seabolt v. Norris*, 298 Ga. 583, 584 (783 SE2d 913) (2016). Counsel's performance is deficient only if it falls below the wide range of competence demanded of attorneys in criminal cases. *Strickland*, 466 U. S. at 687-689 (III) (A). This requires a showing of errors so serious that counsel was not functioning as the "counsel" guaranteed by the Sixth Amendment. Id. at 687 (III). Prejudice is a reasonable probability that, but for counsel's errors, the result of the proceeding would have been different. Id. at 694 (III) (B); *Seabolt*, 298 Ga. at 584-585. An ineffective-assistance claim is a mixed question of law and fact, and we accept the trial court's factual findings unless clearly erroneous but independently apply the law to those facts. *Hulett v. State*, 296 Ga. 49, 60 (5) (766 SE2d 1) (2014); see also *Strickland*, 466 U. S. at 698 (IV). The defendant bears the burden of proof on both prongs of an ineffective-assistance claim, and if he fails to establish either prong, a reviewing court need not examine the other. See *Robinson v. State*, 298 Ga. 455, 463 (6) (782 SE2d 657) (2016).

While the search here was conducted pursuant to a warrant, on the facts of this case, McClure's claim that the warrant was defective is analogous to a claim that no warrant issued, and we therefore address this claim under the rubric of a warrantless search. See *Bryant v. State*, 301 Ga. 617, 620 (2) (800 SE2d 537) (2017) (concluding that a search warrant that "did not describe the items to be seized at all" was "so obviously deficient" that the ensuing search had to be regarded as "warrantless") (citations and punctuation omitted). A warrantless search is per se unreasonable, "subject only to a few specifically established and well-delineated exceptions." *Williams v. State*, 296 Ga. 817, 819 (771 SE2d 373) (2015). One such exception – the inevitable discovery doctrine – "allows the admission of evidence discovered as a result of police error or misconduct if the State can prove by a preponderance of the evidence that such information would have ultimately or inevitably been discovered by lawful means, without any connection to" the error or misconduct. *State v. Colvard*, 296 Ga. 381, 384 (2), n. 6 (768 SE2d 473) (2015). It applies where "exclusion of the evidence puts the police in a worse position than they would have been absent any error or misconduct because the evidence would have been discovered as a matter of course if independent investigations were allowed to proceed." *Kennebrew v. State*, 304 Ga. 406, 412 (2) (819 SE2d 37) (2018) (citation

5

and punctuation omitted). For evidence to be admitted under this exception, the State must establish: (i) "a reasonable probability that the evidence in question would have been discovered by lawful means"; and (ii) that the lawful means rendering discovery inevitable "were being actively pursued" before the illegal conduct occurred. Id. (citations and punctuation omitted). Notably, when a trial court is faced with addressing the merits of a motion to suppress, the State has the burden of establishing that the inevitable discovery doctrine applies only by a preponderance of the evidence. See *Colvard*, 296 Ga. at 384 (2), n. 6. In the context of this appeal, however, it is McClure who bears the burden of establishing a reasonable probability that, had his trial counsel moved to suppress the contents of his cell phone, the motion would have been granted and changed the outcome of his trial. See *Strickland*, 466 U. S. at 694 (III) (B); *Seabolt*, 298 Ga. at 584-585; *Robinson*, 298 Ga. at 463 (6). McClure has not shown prejudice for two reasons.

(a) First, it is undisputed that the State was in possession of McClure's cell phone, had actively pursued discovering its contents, and had obtained a search warrant to that effect. Consequently, even assuming that a pre-trial motion to suppress the contents of the cell phone would have been granted on the ground that the search warrant was defective, there is a reasonable probability that the State would have

6

(a) obtained a new warrant in which the deficiencies alleged by McClure were cured and (b) as a result, inevitably discovered the phone's contents. And importantly for our analysis on McClure's ineffective-assistance claim, he has elaborated no arguments to the contrary – i.e., that a new, properly limited warrant would not have been obtained had a motion to suppress been filed.[1] As a result, he has not satisfied the prejudice prong of his ineffective-assistance claim on this issue.[2] See *Strickland*, 466 U. S. at 694 (III) (B); *Seabolt*, 298 Ga. at 584-585; see also *Kennebrew*, 304 Ga. at 412 (2); *Colvard*, 296 Ga. at 384 (2), n. 6.

(b) McClure also has not shown prejudice for a second, independent reason. On appeal, he identifies only three exhibits obtained from his cell phone **and** admitted

---

[1] McClure instead maintains that the inevitable discovery doctrine does not apply here because "there was no second search warrant actively being pursued by the State" before it searched his phone pursuant to the allegedly defective warrant. But he cites no authority supporting his suggestion that the inevitable discovery doctrine should be so narrowly applied. To the contrary, as stated above, the test requires only that "lawful means" rendering discovery inevitable "were being actively pursued" before the purportedly illegal search. See *Kennebrew*, 304 Ga. at 412 (2) (citations and punctuation omitted).

[2] In a footnote in his appellate brief, McClure observes that a detective also testified about other "identifying information" found on McClure's phone that would allow the jury to find that the phone was his. He does not, however, elaborate any arguments suggesting that, but for this testimony, the jury would not have found that the phone law enforcement obtained from him in fact was his.

at trial that he claims were prejudicial to him – State's Exhibits 8, 9, and 14.[3] Of these three exhibits, State's Exhibit 9 is by far the most prejudicial to McClure. In that exhibit, text messages sent from his cell phone contain numerous statements corroborating the victims' testimony as to his abuse.[4] The prejudicial aspects of State's Exhibit 9, however, are largely cumulative of State's Exhibit 5, which is a printout of screen shots from McClure's wife's cell phone showing many of the same incriminating text messages depicted in State's Exhibit 9. And while it appears that State's Exhibit 5 was not published to the jury, it was admitted into the trial record, and McClure elaborates no arguments explaining why it could not have been

---

[3] At trial, McClure denied sending many of the text messages that originated from his cell phone and were included in these exhibits; he also denied sending several e-mails attributed to him. It was the sole province of the jury to decide whether to believe McClure's claims in that regard. See *Browner v. State*, 296 Ga. 138, 141 (1) (765 SE2d 348) (2014) ("[r]esolving evidentiary conflicts and inconsistencies and assessing witness credibility are the province of the fact finder, not the appellate court," and the trier of fact is not required to accept the defense presented by the defendant).

[4] By way of contrast, in State's Exhibit 8, McClure did not make any explicitly incriminating statements, but rather apologized to A. M. and expressed his regret for failing to "stop[]" events not identified in the messages and for not being "as strong as everyone thought." And none of the text messages in State's Exhibit 14 are even remotely incriminating.

published, had State's Exhibit 9 not been admitted and published to the jury.[5] Consequently, he has not met his burden of establishing prejudice resulting from his trial counsel's failure to move to suppress the contents of his cell phone for this additional reason. See *Strickland*, 466 U. S. at 694 (III) (B); *Seabolt*, 298 Ga. at 584-585; see also Court of Appeals Rule 25 (c) (2) ("Any enumeration of error that is not supported in the brief by citation of authority or argument may be deemed abandoned."); *Brittain v. State*, 329 Ga. App. 689, 704 (4) (a) (766 SE2d 106) (2014) ("[A]n appellant must support enumerations of error with argument and citation of authority, and mere conclusory statements are not the type of meaningful argument contemplated by our rules.") (citation and punctuation omitted); *Blanton v. State*, 324 Ga. App. 610, 615 (2) (a), n. 10 (751 SE2d 431) (2013) (finding that the appellant abandoned a claim that certain testimony was hearsay by failing to cite any authority to support it); see also generally *Tolbert v. Toole*, 296 Ga. 357, 363 (3) (767 SE2d 24) (2014) ("It is [the appellant]'s burden, as the party challenging the ruling below, to

---

[5] McClure's conclusory assertion in his appellate brief that "[t]he State was able to introduce the text messages [in State's Exhibit 9] only because they found them on [his] phone" – which is unsupported by citation to the record or legal authority – misconstrues the evidence. To the contrary, a law enforcement officer testified that the printouts of text messages that McClure's wife provided (State's Exhibit 5) enabled law enforcement to find the same text messages on McClure's phone (State's Exhibit 9), and not vice-versa.

affirmatively show error from the record on appeal."). We therefore affirm the trial court's denial of McClure's motion for a new trial on this ground.

2. Before State's Exhibits 9 and 14 – each a series of text-message exchanges between McClure's cell phone and his wife's cell phone – were published to the jury, the trial court gave a limiting instruction. The court instructed the jury that: (i) it was for the jury alone "to determine the identity of the persons making the text communications and all issues connected with the text messages," (ii) the jury should not consider the statements attributed to McClure's wife (who did not testify at trial) "as evidence unless such statements are proven to [the jury] by other competent evidence," and (iii) it was for the jury alone "to determine the credibility of . . . testimony regarding alleged text messages in accordance with [the jury's] duties as the finder of fact." The court repeated this instruction during the jury charge preceding deliberations.

Earlier on the same day of trial, State's Exhibit 8 – a series of text-message exchanges between McClure's cell phone and A. M.'s cell phone – also were published to the jury.[6] McClure contends that his trial counsel rendered ineffective assistance by failing to ask the trial court to instruct the jury that A. M.'s text

_____

[6] Unlike McClure's wife, A. M. testified at trial.

10

messages were not evidence and that it was for the jury to determine who authored each of the text messages.

(a) McClure's argument in this regard depends in part on his claim that the messages originating from A. M.'s phone were inadmissible as hearsay. Hearsay is an out-of-court statement offered "to prove the truth of the matter asserted." OCGA § 24-8-801 (c); *Gates v. State*, 298 Ga. 324, 326 (2) (781 SE2d 772) (2016). An out-of-court statement offered for another purpose, such as to show its effect on the person to whom it was made, is not hearsay. *Gates*, 298 Ga. at 326 (2); accord *Slaton v. State*, 303 Ga. 651, 658 (8) (814 SE2d 344) (2018); see also *Jones v. State*, 339 Ga. App. 95, 102-103 (2) (791 SE2d 625) (2016) (out-of-court statements offered not for their truth, but rather to place the defendant's statements in context, are not hearsay). In that vein, incoming text messages to a criminal defendant's cell phone may be admissible to provide context to the defendant's outgoing text messages that are admissible as party admissions under OCGA § 24-8-801 (d) (2) (A), where the incoming messages are "non-assertive statements that are incapable of being true or

11

false" or "indisputably false."[7] *Johnson v. State*, 347 Ga. App. 831, 843 (2) (b) (ii) (821 SE2d 76) (2018) (citation and punctuation omitted) (physical precedent only).

Here, the messages originating from A. M.'s cell phone in Exhibit 8 largely fall into three broad categories: (i) expressions of love toward the recipient; (ii) expressions of sadness, heartbreak, disbelief, and confusion regarding occurrences that are not explicitly identified in the text messages, but reasonably may be read to refer to the events underlying this prosecution and their aftermath; and (iii) expressions of judgment as to the recipient's unidentified actions, which the sender refers to as "unforgivable" and "horribly inappropriate and devastating." When viewed in context with all of the evidence in this case – including A. M.'s own trial testimony to the effect that, after McClure became aware of the allegations against him, he never denied them – it is clear that the incoming text messages (originating from A. M.'s phone) were admitted primarily for the purpose of showing that the author of the outgoing messages (originating from McClure's phone) did not deny the allegations of misconduct in the incoming messages (and thereby implicitly admitted

---

[7] OCGA § 24-8-801 (d) (2) provides, in relevant part, that the hearsay rule does not exclude an "admission," which is defined as "a statement offered against a party which is: (A) The party's own statement, in either an individual or representative capacity; [or] (B) A statement of which the party has manifested an adoption or belief in its truth."

12

them), and not for the purpose of establishing the truth of the incoming messages. See generally *Slaton*, 303 Ga. at 658 (8); *Gates*, 298 Ga. at 326 (2); *Johnson*, 347 Ga. App. at 843 (2) (b) (ii); *Jones*, 339 Ga. App. at 102-103 (2).

Moreover, in his appellate briefs, McClure does not identify which of the incoming messages in State's Exhibit 8 he claims were offered to prove the truth of the matters asserted and thus constituted inadmissible hearsay. Regardless of whether he has abandoned this issue in that regard, see Court of Appeals Rule 25 (c) (2); *Brittain*, 329 Ga. App. at 704 (4) (a), we conclude that the exhibit was not wholly inadmissible as hearsay, for the reasons stated above. We therefore also reject McClure's contention that a limiting instruction was warranted to the effect that all of the incoming messages in State's Exhibit 8 "were not evidence." As a result, McClure has not met his burden of showing either that his trial counsel performed deficiently by failing to request such an instruction or that, but for such failure, the result of his trial would have been different, particularly when viewed in the context of M. M.'s and V. M.'s trial testimony detailing the abuse and A. M.'s testimony that McClure never denied the allegations. See *Strickland*, 466 U. S. at 687-689 (III) (A), 694 (III) (B); *Seabolt*, 298 Ga. at 584-585; *Robinson*, 298 Ga. at 463 (6).

(b) McClure also contends that his trial counsel should have asked the trial court to instruct the jurors that it was up to them to determine the identity of the authors of the text messages in State's Exhibit 8. He does not, however, elaborate any argument as to how such an instruction would have had any effect on the outcome of his trial. And viewing the evidence as a whole, we discern no reasonable probability that, had the jurors been told that the identity of the authors of the text messages in State's Exhibit 8 was a factual issue for their determination, they would have returned a different verdict on any of the charges against McClure. He therefore also has not met his burden of establishing ineffective assistance in this regard, and we affirm the denial of his motion for a new trial on this ground.[8] See *Strickland*, 466 U. S. at 694 (III) (B); *Seabolt*, 298 Ga. at 584-585; *Robinson*, 298 Ga. at 463 (6).

*Judgment affirmed. McFadden, P. J., concurs; Rickman, C. J., concurs fully in Division Two, and concurs in judgment only as to Division One.*

---

[8] We deem abandoned McClure's passing, conclusory assertion that his trial counsel rendered ineffective assistance by not "attempting to exclude" (presumably by means other than or in addition to a motion to suppress) an unidentified subset of "some of" the text messages recovered from his cell phone, as he has neither elaborated any argument in this regard nor cited any authority in support of this claim. See Court of Appeals Rule 25 (c) (2); *Tolbert*, 296 Ga. at 363 (3); *Brittain*, 329 Ga. App. at 704 (4) (a); *Blanton*, 324 Ga. App. at 615 (2) (a), n. 10.

14